PENROSE *v.* FEHR.

PERSONAL INJURIES—UNGUARDED EXCAVATION—RUNNING ON SIDE-
WALK—CONTRIBUTORY NEGLIGENCE.

Running upon the sidewalk, in order to avoid being struck by
a snowball, is not *per se* such an act of negligence as will
bar a recovery for injuries received from falling into an un-
guarded excavation.

Error to Gogebic; Haire, J. Submitted June 16, 1897.
Decided June 28, 1897.

Case by Wesley Penrose, an infant, by William Pen-
rose, his next friend, against Fred Fehr, for personal in-
juries. From a judgment for plaintiff, defendant brings
error. Affirmed.

Plaintiff, who was 17 years of age, about 8 o'clock on
the evening of December 6, 1894, stood at the intersection
of two streets in the city of Ironwood. Several boys were
throwing snowballs. Plaintiff, with others, ran along the
sidewalk, to escape the snowballs, and fell into an excava-
tion, which had been made by the defendant. This exca-
vation was 8 feet wide, 12 feet long, and 3 feet 8 inches
deep. It was made for the purpose of drawing dirt from
an adjoining lot. There were electric lights at each end
of the block, and one near the center. Plaintiff testified
that he saw the excavation as he approached it, but not in
time to stop. Other witnesses also testified that it was so
light that they could see it. Plaintiff testified that, if he
had been walking, he thought he would have seen it in
time to stop. Plaintiff recovered verdict and judgment.

*C. E. Miller*, for appellant.

*Julius J. Patek* (*Charles A. Withey*, of counsel), for
appellee.

GRANT, J. (*after stating the facts*). The negligence of the defendant, through his employés, in not guarding the excavation, is admitted. The defendant requested the court to instruct the jury that the plaintiff was guilty of contributory negligence, and could not recover. The question of his contributory negligence was left to the jury, under the usual and proper instructions. The theory of the defendant is that walking is the ordinary method of traveling upon sidewalks, and that, where one falls in consequence of running, the municipality is not liable. The act of running in this case was not *per se* negligence. One has a right to run upon the streets and sidewalks in order to escape from the assaults of others, and for many other reasons, and in such cases the question of contributory negligence is for the jury.

The judgment is affirmed.

The other Justices concurred.