[No. 5736. Decided March 22, 1906.]

DeWITT C. CADY, *Respondent*, v. THE CITY OF SEATTLE, *Appellant*.[1]

MUNICIPAL CORPORATIONS—STREETS—DEFECTS—CONTRIBUTORY NEG-LIGENCE OF TRAVELER THROWN FROM . A WAGON—QUESTION FOR JURY. The question of the contributory negligence of a traveler by team, who was injured by being thrown from his wagon by the dropping of the front wheels into a hole, two feet deep, at the edge of a pavement at a street intersection, is for the jury, where there was conflicting evidence as to whether the defect was visible from the wagon and could have been avoided by ordinary care.

SAME—SAFER ROUTE. One traveling by wagon in a city street, open for public travel, who was injured by reason of a defect in the street, is not guilty of contributory negligence by reason of the fact that there is another safer way that he might have taken to reach his destination.

SAME—STREETS NOT IMPROVED. It is the duty of the city to keep in ordinary repair a street which, to its knowledge, is in common use, and suffered to remain open, although not formally accepted or improved by the city.

TRIAL—MISCONDUCT OF COUNSEL—PREJUDICE. In an action against a city for personal injuries, a statement to the jury by counsel for the plaintiff that any verdict against the city would be paid largely by nonresident owners of real estate held for speculative purposes, will not require a reversal where the court, on objection, immediately instructed the jury to disregard the same, and where a reversal to punish counsel would be too harsh a remedy.

Appeal from a judgment of the superior court for King county, Albertson, J., entered December 6, 1904, upon the verdict of a jury, rendered in favor of the plaintiff in an action for personal injuries sustained in a fall from a wagon by reason of a defect in the street. Affirmed.

*Scott Calhoun* and *Elmer E. Todd,* for appellant.

*Benson, Hall & Higgins,* for respondent.

FULLERTON, J.—The respondent was injured by being thrown from his wagon while passing over one of the streets

1Reported in 85 Pac. 19.

of the appellant city, and brought this action to recover there-
for. The jury returned a verdict in his favor for $3,000,
which was reduced by the trial court to $1,500, and judg-
ment for that sum entered.

The evidence was conflicting concerning the condition of
the place where the accident occurred at the time of the acci-
dent, the city's knowledge of its condition, and on the ques-
tion whether or not the danger of traveling on the street
where the injury occurred was so apparent that a traveler
thereon must be held to have assumed the risk; and as the
jury found for the respondent, this court must assume as
true that part of the evidence most favorable to his conten-
tion. This evidence tended to show that the respondent, who
was a wood and coal dealer in the city of Seattle, went with
one of his drivers on the day of the accident to deliver a load
of coal to a customer who lived on Queen Anne hill, in that
city. On the return trip his driver started back on one of
the principal streets, but finding it blocked lower down, be-
cause of repairs that were being made on it, turned west on
a paved street called Highland Drive and followed it until
he came to Second Avenue West, into which he turned. On
leaving the pavement on Highland Drive, the front wheels
of the wagon dropped into a hole some two feet deep, which
caused the wagon to lurch forward, and throw the respondent
from his seat to the ground, occasioning the injuries of which
he complains. Second Avenue West had not been graded or
otherwise improved by the city at the time of the accident,
and at the place where the respondent turned into it, was
somewhat steep, although not too steep for safety when in
ordinary repair. The hole was caused by the wheels of
wagons passing from the hard unyielding pavement to the
softer yielding earth of the street, and by the wash from the
overflow of the gutters extending along Highland Drive.
Neither the respondent nor his driver noticed the hole until
they got almost directly over it, too late to turn back or

avoid it. It did not appear that the city had actual knowledge of the condition of the street at the time of the accident, but it was shown that a hole was made at that place by the passage of teams and the action of the water shortly after the pavement was put down on Highland Drive, which was several months prior to the accident, and that it had been refilled with earth and washed out several times between its first appearance and the time of the injury, although no attempt had been made to repair it permanently. It also appeared that by going further around the respondent could have descended the hill and reached his place of business upon graded and paved streets, without risk of accident from defects in the way.

The appellant contends that the respondent was guilty of contributory negligence, both because he ought to have noticed the defect causing the injury, and because there was another way he could have taken without subjecting himself to the chance of injury. There was evidence supporting the contention that the defect was visible from Highland Drive and could have been avoided by the exercise of ordinary care, but there was evidence to the contrary also. In such a case the question is one for the jury, and the court in this case very properly submitted the question to them. As to the other objection, it is not the rule that one must avoid a particular street because there is another and safer one that he may take. One has the right to travel upon any street of a city which the city leaves open for the purposes of travel. If the street is steep or the track rough he must use care commensurate with the conditions, and is guilty of contributory negligence if he fails to use such care, but he may rely on the presumption that there are no hidden defects in the way, or that there is nothing liable to cause him injury or mishap other than such as are plainly visible; in other words, he assumes the risk of the obvious dangers only. According to the evidence of the respondent, the defect causing the injury in

this case was not visible until it was too late to avoid it. The jury were warranted in believing this evidence, and if they did believe it they could not convict the respondent of contributory negligence for suffering himself to be driven into it.

The city next contends that because it had never graded this street or formally opened it for travel it cannot be held liable for injuries caused by its defective condition. But the evidence shows that the street was in one of the principle residence districts of the city, that it had been open for travel for a long time, and had been extensively used to the knowledge of the city's officers. When a street is suffered to remain open by the city, and is in common use by the people, it is the duty of the city to keep it in ordinary repair. This is true whether or not the street has been formally accepted, or is what may be technically called an improved street.

In his address to the jury one of the respondent's counsel used this language: "Whatever verdict you find in this case will be paid largely by taxes levied against the property of nonresidents of the city of Seattle held for speculative purposes, and will not affect, to any considerable extent, the residents of the city." On objection being made, the court "Ordered said remarks stricken from the jury, and directed the jury to ignore the same." It is now contended that the remarks of counsel were prejudicial, that the action of the trial court did not cure their effect, and that the city is entitled to a new trial because of prejudice. But we think any error that was committed was cured by the action of the court. Ordinarily an appellate court feels inclined to reverse a case where an argument such as this is used, not so much because of the prejudice engendered, as to punish counsel for resorting to it. There are in the record, however, certain other matters which make us think this would be too harsh a remedy to apply in this case.

Lastly it is claimed that the verdict, even as modified by the trial court, is excessive. But a careful examination of

the evidence on this point convinces us that the judgment as entered is not so disproportionate to the injury suffered as to require further reduction.

The judgment is affirmed.

MOUNT, C. J., HADLEY, ROOT, CROW, and DUNBAR, JJ., concur.