McCABE, RESPONDENT, v. CITY OF BUTTE, APPELLANT.

(No. 3,171.)

(Submitted June 20, 1912.  Decided June 25, 1912.)

[125 Pac. 133.]

*Cities and Towns—Personal Injuries—Defective Sidewalks— Notice — Presumptions — Contributory Negligence — Instructions—Excessive Verdict.*

Cities and Towns—Sidewalks—Safety—Presumptions.
  1. A pedestrian cannot be charged with negligence if he fails to make investigations to ascertain whether a sidewalk is safe; he has the right to presume that it is in ordinarily safe condition.
Same—Sidewalks—Repairs—Notice—Duty to Warn.
  2. When streets are rendered unsafe by reason of repairs being made therein, or have become defective or unsafe from any cause, and the municipal authorities have notice of the condition, or the circumstances are such as to warrant a presumption of notice, the duty arises to warn the public by lights or other means, while repairs are being made.
Same—Use—Defective Streets—Contributory Negligence.
  3. Though a street be defective and its condition well known, it is not *per se* contributory negligence for one to make use of it, provided he uses ordinary care in doing so.
    46 Mont.—5

Same—Pedestrians—Women—Pregnancy—Use of Defective Walks—Degree of Care.

4. While at every stage of pregnancy a woman's· actions should be regulated with due care to the safety of her unborn offspring, her legal obligation to foresee and provide against neglect of duty by the municipal authorities is not greater than that of other members of the communities; she may use the streets in the same manner and with the same presumption as to their condition as other persons.

Same—Inference of Contributory Negligence—Evidence—Insufficiency.

5. Evidence in an action against a city for damages sustained by plaintiff, a woman about two months advanced in pregnancy at the time of the accident, by a fall on a defective sidewalk, *held* not to justify an inference of contributory negligence (an issue not raised by the answer); hence the refusal of the trial court to give a requested instruction covering that feature of the case was not error.

Same—Contributory Negligence—Instructions.

6. An instruction that, though the defendant had been shown to have been guilty of negligence, the plaintiff could not recover if, but for her want of ordinary care, the injury would not have occurred, was correct and sufficient for all practical purposes; therefore, the refusal of one that "no extraordinary care was required of plaintiff, but if there was the slightest want of ordinary care on her part and such contributed directly to her injury, she cannot recover," was not error.

Same—Personal Injuries—Excessive Verdict.

7. *Held,* that a verdict for $10,475 in favor of plaintiff, a woman of middle age who suffered personal injuries by reason of a fall on a defective sidewalk, resulting among other things in a miscarriage, was excessive, and judgment reduced to $3,000.

*Appeal from District Court, Silver Bow County; John B. Mc-Clernan, Judge.*

ACTION by Nellie McCabe against the City of Butte. Judgment for plaintiff, and defendant appeals from it and an order denying it a new trial. Reversed on condition.

*Messrs. H. Lowndes Maury, John A. Smith,* and *N. A. Rotering,* submitted a brief in behalf of Appellant; *Mr. Maury* argued the cause orally.

*Messrs. M. F. Canning,* and *P. E. Geagan,* for Respondent, submitted a brief; *Mr. Geagan* argued the cause orally.

MR. CHIEF JUSTICE BRANTLY delivered the opinion of the court.

This action was brought to recover damages for a personal injury sustained by the plaintiff by a fall caused by a defect in a sidewalk along one of the streets of the defendant. It is alleged

that, at the point where the accident occurred, there was, and for more than a year had been, a hole about twelve inches long, nine inches wide, and several inches deep, rendering the walk dangerous to pedestrians; that the city authorities had failed to use ordinary care to ascertain the existence of the defect and cause it to be remedied; and that plaintiff, being without knowledge of its existence and not warned of the danger by barriers or lights, stepped into it and was thrown violently down, with the result that she was much bruised about her body, arms and legs, was rendered unconscious, suffered displacement of her pelvic organs, resulting in a miscarriage, followed by severe hemorrhage, *etc.*, by reason of which injuries she has been and will be incapacitated to perform her duties as housewife, and has suffered great physical and mental pain, to her damage in the sum of $20,000. The complaint also alleges special damages in the sum of $475 made up of reasonable and necessary expenses incurred for medical attention, nursing, *etc.* The answer tenders issue upon all the allegations of the complaint except the corporate capacity of defendant. There was no plea of contributory negligence. The plaintiff had verdict and judgment for $10,475 and for costs. The defendant has appealed from the judgment and an order denying it a new trial, and has submitted for decision two questions, the first of which is based upon the refusal of the court to submit to the jury one instruction requested, and the second upon the refusal of a new trial on the ground that the verdict is excessive.

1. The instruction referred to is the following: "No extraordinary care was required of Mrs. McCabe, but, if there was the slightest want of ordinary care on her part and such contributed directly to her injury, she cannot recover in this case." It is argued by counsel for defendant that the condition of the evidence is such that the jury might have inferred want of ordinary care on the part of the plaintiff contributing directly to her injury, and hence that the defendant was entitled to have its attention called to that aspect of the case by appropriate instructions. It appears from the evidence that the plaintiff, in the dusk of the evening of May 26, 1910, in company with her little daughter,

was walking rapidly along Thornton avenue, a public street in general use, on her way to the house of an acquaintance residing on Gaylord street.  The way by Thornton avenue was the most direct leading to the point on Gaylord street to which the plaintiff was going.  To reach her destination, her purpose was to go by way of an alley intersecting Thornton avenue.  At the corner of the street and alley was a hole such as is described in the complaint, due to a break in one of the boards forming the covering of the sidewalk.  There was no light nor barrier to warn pedestrians of the defect.  Plaintiff was about two months advanced in pregnancy.  As she was about to turn the corner, she stepped into the hole and was thrown to the sidewalk.  In *Nelson* v. *Boston & Mont. etc. Co.,* 35 Mont. 223, 88 Pac. 785, it was held that, where the condition of the evidence introduced by the plaintiff is such that it may justify an inference of contributory negligence, it is proper to instruct the jury on that subject, though the issue is not presented by the answer.  Counsel cite and rely upon this case and insist that the court erred in refusing defendant's request.  The contention is without merit.  A traveler upon a public street has the right to presume that it is in an ordinarily

[1]  safe condition, because the law enjoins upon the authorities of the municipality the duty to exercise ordinary diligence to make and keep the streets in a reasonably safe condition for public travel; and when they are rendered unsafe by reason of repairs being made therein, or have become defective or unsafe

[2]  from any cause, and the authorities have notice of the condition or the circumstances are such as to warrant a presumption of notice, the duty to warn the public by lights or other means, while repairs are made, also arises.  The traveler is not bound to make investigations, and he cannot be charged with negligence if he fails to do so.  (7 Am. & Eng. Ency. of Law, 2d ed., 391.)  Though the street may be defective and its condition be well

[3]  known, yet it is not *per se* contributory negligence for one to make use of it, provided he uses ordinary care in doing so.  (*Cannon* v. *Lewis,* 18 Mont. 402, 45 Pac. 572; 7 Am. & Eng. Ency. of Law, 2d ed., 411.)

In the opinion of the writer, the evidence furnishes no basis
[4 and 5] for an inference of contributory negligence on the part
of plaintiff. She was traveling along the walk in the ordinary
way. She had a right to proceed rapidly if she chose to do so.
Having no knowledge of the existence of the defect, she was not
bound to make inspection in order to ascertain the existing con-
dition. And though a woman may be pregnant, she is one of
the public and has a right to the use of the streets in the same
manner and with the same presumption as to their condition as
other persons. While it may be said that at every stage of the
period of pregnancy her coming and going should be regulated
with due care for the safety of her unborn offspring, her legal
obligation to foresee and provide against neglect of duty by the
public authorities is not greater than that of other members of
the community. If, from any point of view, the circumstances
disclosed here furnished the basis for an inference of negligence
on the part of plaintiff, then in every case of injury caused by
a defect in a street there is a question of contributory negligence
which must be submitted to the jury, whether the issue is made
by the pleadings or not.

But let us assume, as the trial court did, that the evidence pre-
[6] sents a question of contributory negligence, the subject was
sufficiently covered by instructions 4, 8, and 9 given by the court.
The last expressly told the jury that, though the defendant had
been shown to have been guilty of negligence, yet the plaintiff
could not recover if, but for her want of ordinary care, the in-
jury would not have occurred. This form of statement embodies
the rule which is found in the text of Mr. Thompson in his work
on Negligence (1 Thompson on Negligence, secs. 171, 173). We
think it correct and entirely sufficient for all practical purposes.

2. The amount of the verdict is excessive. The plaintiff is a
[7] woman of middle age, the mother of five living children.
She had no bones broken. The bruises upon her body were en-
tirely superficial and healed rapidly. The most serious feature of
her injury was the miscarriage brought about by the accident, the
attendant physical and mental suffering, and the resulting con-
dition which she insists is permanent. She was for the months

intervening between the 26th of May and the 13th of the following November almost entirely disabled by weakness from attending to her duties as housewife. During all that time she was under the care of Dr. McGinn, her family physician, and a portion of the time required the attendance of a nurse. During the time intervening between November 13, 1910, and the date of the trial, she frequently consulted another physician, and for a portion of the time employed help in her home because of her alleged weak condition. Her expenditures in this behalf amounted to $475. In the meantime she had suffered a second and perhaps a third miscarriage. Drs. McGinn and Anderson, called as witnesses, made an examination of her pelvic organs during the trial. Neither was able to express an opinion upon the question whether the subsequent miscarriages were a necessary or probable result of the condition induced by the injury from the fall. Both were of the opinion that in some cases the habit of miscarriage is induced by a first occurrence, thus destroying the child-bearing power, but refused to express an opinion as to what was the condition of the plaintiff in this regard. Both testified that her pelvic organs were in a normal and healthy condition, except that there were lesions which had evidently been caused by the birth of a fully matured child, and a slightly relaxed condition of the ligaments of the uterus. While plaintiff is entitled to recover a substantial amount in view of the character of her injury and the attendant pain and suffering, we think the allowance made by the jury very much in excess of what would be up to the full measure of just compensation.

The cause is remanded, with directions to the district court to grant a new trial, unless within thirty days after the filing of the *remittitur* the plaintiff shall give her consent in writing that the judgment be reduced to $3,000. If such consent is given, the judgment will be modified accordingly as of the date of its original entry, and together with the order denying the new trial will stand affirmed. That part of the judgment relating to the costs is not to be disturbed.

Mr. Justice Smith concurs.

MR. JUSTICE HOLLOWAY: I concur in the result reached, but I do not agree with all that is said in the first paragraph of the opinion above. In my judgment the trial court entertained the correct view that the evidence presented a question of contributory negligence, and this was properly submitted to the jury.

In view of the definition of negligence adopted by this court in *Birsch* v. *Citizens' Electric Co.,* 36 Mont. 574, 93 Pac. 940, I think the instructions given fairly cover the question of contributory negligence, and that the instruction tendered by defendant merely emphasized the rule, without stating any different proposition of law. Under such circumstances, the trial court cannot be put in error because of the language employed to express the rule, when it appears, as it does from this record, that the jurors must have understood the principle announced by the court for their government.