SNYDER, RESPONDENT, *v.* TOWN OF CHINOOK, APPELLANT.

(No. 3,334.)

(Submitted January 9, 1914.  Decided January 29, 1914.)

[138 Pac. 1090.]

*Personal Injuries—Cities and Towns—Defective Streets—Duty
of Defendant—Instructions—Harmless Error—New Trial—
Misconduct of Juror—Insufficient Showing.*

Personal Injuries—Cities and Towns—Defective Streets—Duty of De-
fendant.
1.  When the public streets of a city or town are rendered unsafe by
reason of repairs being made therein, or have become defective from
any cause, and the authorities have or should have notice of the condi-
tion, the duty to warn the public by lights or barriers arises, the
traveler not being bound to make investigation or chargeable with
negligence if he fails to do so.

[As to liability of municipality for defects in or want of repair of
streets, see note in 103 Am. St. Rep. 257.]

Same—Evidence—Improper Cross-examination.
2.  Where a witness on his direct examination had testified as to the
physical condition of a street in which he had left it the day preced-
ing the night on which plaintiff was injured, with relation to the plac-
ing of lights or barriers, a question on cross-examination touching his
previous experience in road work was improper.

Same—Instructions—Harmless Error.
3.  Microscopic error in the giving of instructions touching the
amount which the jury might award for loss of earning capacity in a
personal injury action will not work a reversal of the judgment.

New Trial—Misconduct of Juror—Intoxication.
4.  Misconduct on the part of a juror because of intoxication while
deliberating on the verdict may not be proved by the affidavit of
another juror.

*Appeal from District Court, Blaine County; Frank N. Utter,
Judge.*

ACTION by Susie Snyder against the town of Chinook.  Judg-
ment for plaintiff, from which, and from an order denying a
new trial, defendant appeals.  Affirmed.

*Mr. R. E. O'Keefe,* for Appellant, submitted a brief and
argued the cause orally.

*Messrs. Nelson & Moore,* and *Messrs. Stranahan & Stranahan,*
for Respondent, submitted a brief; *Mr. W. R. Nelson* argued the
cause orally.

A person has a right to assume that the street was in a reasonably safe condition, or, if not, that the town would warn of the danger. (*McCabe* v. *City of Butte,* 46 Mont. 65, 125 Pac. 133.) This same authority holds that a traveler is not negligent if he does not examine the way, and that even if he knew the street was defective it was not *per se* contributory negligence to use it, if ordinary care was exercised in doing so. On the other hand, it was negligence upon the part of the town to fail to put up barriers or signal lights, and such failure on the part of the defendant is the proximate cause of the injury. (*Carty* v. *Boeseke-Dawe Co.,* 2 Cal. App. 646, 84 Pac. 267; 28 Cyc. 1381, 1432.) A city is liable even if plaintiff knew the way was dangerous, where it has failed to maintain lights or guards. (*Stock* v. *City of Tacoma,* 53 Wash. 226, 101 Pac. 830.) A pedestrian has a right to assume that the city's sidewalks will be maintained in reasonably safe condition. (*Ashley* v. *City of Aberdeen,* 46 Wash. 385, 90 Pac. 210.) The use of a particular street, when there is another safer one that might have been used, is not sufficient in itself to constitute contributory negligence. (*Cady* v. *City of Seattle,* 42 Wash. 402, 85 Pac. 19.) This case also holds that where a street was in use for a long time with the knowledge of the city officers, the fact that it had never been graded or formally opened for travel does not relieve the city from liability for injuries caused by its defective condition. (*City of Stillwater* v. *Swisher,* 16 Okl. 585, 85 Pac. 1110.)

Plaintiff had no knowledge of the defective condition of Ohio street before the injury occurred. She could not, therefore, be held guilty of contributory negligence in using the defective path or sidewalk, there being no barriers or lights to warn or give signal of danger, and she had a right to presume that the way was safe. (*O'Flynn* v. *City of Butte,* 36 Mont. 493, 93 Pac. 643; *May* v. *City of Anaconda,* 26 Mont. 140, 66 Pac. 759.) Where improvements are made in a street, it is the duty of the city to guard them so as to protect travelers in the street who are in the exercise of due care, from receiving injury there-

from.   (28 Cyc. 1402.)   The duty of the municipality is generally measured by the requirements of ordinary prudence in keeping its streets in a condition of reasonable safety for travel, and while lighting, railing or guarding, according to the peculiar circumstances, may answer the demands of the law, the one or the other of these precautions may be necessary to relieve the city from liability where the defect or obstruction is such that under the particular conditions the danger may be reasonably apprehended, and the adoption of such precaution is necessary in the exercise of reasonable care to afford protection against the danger.   The precaution should be sufficient to give such warning as will reasonably notify all persons using the streets that the danger is there.   (28 Cyc. 1403–1405.)

MR. JUSTICE SANNER delivered the opinion of the court.

The amended complaint alleges that on the night of September 20, 1910, while the respondent was walking along a sidewalk or footpath upon Ohio street, in the incorporated town of Chinook, she fell into an unguarded excavation negligently maintained by said town adjacent to said footpath, sustaining personal injury to her damage in the sum of $3,400.   The answer admits the injury to respondent, the public character of Ohio street—though not the public character of the place where the injury occurred—denies all the other essential allegations of the amended complaint, and, by way of affirmative defenses, alleges contributory negligence and assumption of risk.   These affirmative defenses were put in issue by reply.   The cause was tried to a jury, by whose verdict the respondent was awarded $1,000.   Judgment was entered accordingly.   Appellant's motion for new trial was denied, and the cause is now before us upon appeal from the order denying such motion, as well as from the judgment.

As grounds for reversal the appellant urges: Insufficiency of the evidence; error in rulings upon evidence; error in instructions; and misconduct of the jury.

1. For some time prior to the accident such work had been going on in Ohio street under the direction of the town of Chinook that embankments were formed on each side of the street, so that the portions of the street intended for sidewalk purposes were left three or four feet higher than the roadway. Along this embankment on the east side and quite close to the edge in places, there was a path which persons were accustomed to travel going north from Second street. On the night of the accident there were no barriers or guards of any kind to prevent the traveler along this path from falling over the embankment, nor any lights to warn against it. Under these circumstances, the respondent, who had never traveled that way before, was homeward bound between 8:30 and 9 o'clock in the evening. She had come eastward on Second street, crossed on the boardwalk from the west to the east side of Ohio street, turned north on the east side of Ohio street, and followed the footpath northward for about thirty-five feet. At this point she stepped into a break or hole in the side of the path, which she could not or did not see, and was precipitated into the roadway. As the result her leg was broken, her ankle was twisted, her earning capacity was much reduced, and she sustained several months of pain and suffering.

From the appellant's point of view, the case made by the respondent in the district court presented three points of attack, viz.: Whether she was on Ohio street or on private property when the injury occurred; whether Ohio street was in a reasonably safe condition for travel at the time and place of the accident; and whether the respondent was exercising reasonable care for her own safety. The court very commendably submitted special interrogatories to the jury covering these points and the jury answered categorically that the respondent was on Ohio street when the accident happened; that Ohio street was not at the time and place of the accident in a safe condition for travel; and that the respondent was exercising due care. The evidence germane to these propositions was more or less conflicting, but it was ample to sustain these findings as well as

the general verdict of the jury; and no good purpose would be served by reciting it further.

The theory of the appellant seems to have been that, if it was too dark for the respondent to see clearly, she had no business to travel on Ohio street and assumed all the risk of doing so. But this overlooks the rules very accurately applied by the court and jury to the facts: That it is the duty of a city or town to keep its public streets in an ordinarily safe condition for travel; and that the traveler is entitled to assume this to have been done. When the public streets of a city or town "are [1] rendered unsafe by reason of repairs being made therein, or have become defective or unsafe from any cause, and the authorities have notice of the condition, or the circumstances are such as to warrant a presumption of notice, the duty to warn the public by lights or other means, while repairs are made, also arises. The traveler is not bound to make investigations, and he cannot be charged with negligence if he fails to do so." (*McCabe* v. *City of Butte,* 46 Mont. 65, 125 Pac. 133; *Nilson* v. *City of Kalispell,* 47 Mont. 416, 132 Pac. 1133; *Cady* v. *City of Seattle,* 42 Wash. 402, 85 Pac. 19; see, also, 28 Cyc. 1381 *et seq.*)

2. Three rulings upon evidence are complained of, but we can find no error in any of them. The direct examination of the [2] witness McCoy was addressed to the physical condition in which he had left the street the day before the accident, as to whether any barriers or lights had been installed. To this the proposed cross-examination touching his previous experience in road work was not material. The statement of the respondent which it is claimed should have been stricken out as volunteered was part of her response to a specific interrogatory of counsel. The question asked Lowe was not open to the objection made, and the ruling upon it would not have constituted substantial error even if it had been wrong.

3. Instructions numbered 1 and 8 are assailed as authorizing the jury to award the sum of $1,000 for loss of earning capacity, whereas under the allegations of the amended complaint such [3] damages could not in any event exceed $946. Instruction

No. 1 defined the issues substantially as they were presented by the pleadings. Whatever mathematical discrepancy there was in the complaint between the claim for special damages and the items recited in support of it was faithfully made to appear in the charge, and the amounts which might be awarded for any of the elements of damage were limited by instruction No. 8 to actual compensation under the proof; so that, not only were both instructions entirely proper, but instruction No. 8 was protective of appellant. We again repeat that it is hopeless at this day and age for counsel to expect reversals for microscopic faults.

4. The particular misconduct charged to the jury is that one of the jurors was intoxicated at the time the jury was deliberat- [4] ing on the verdict. This is made to appear by the affidavit of another juror. The rule is that such misconduct cannot be proved in this way. (*Sutton* v. *Lowry,* 39 Mont. 462, 471, 104 Pac. 545.)

The judgment and order appealed from are affirmed.

*Affirmed.*

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE HOLLOWAY concur.

