OLSON, RESPONDENT, *v.* CITY OF BUTTE, APPELLANT.

(No. 6,517.)

(Submitted November 16, 1929. Decided December 26, 1929.)

[283 Pac. 222.]

Mr. *P. E. Geagan* and Mr. *George W. Howard,* for Appellant, submitted a brief; Mr. *Geagan* argued the cause orally.

*Mr. N. A. Rotering,* for Respondent, submitted a brief and argued the cause orally.

MR. JUSTICE FORD delivered the opinion of the court.

This action was brought to recover damages for personal injuries alleged to have been sustained by plaintiff by falling into a hole in the sidewalk of one of the streets of the defendant.

The complaint alleges that during the year 1924 and for several years prior thereto, Magill-Nevin Plumbing & Heating Company had, under and by permission of defendant, maintained, in connection with its business, an opening, passageway and hole in and under the public sidewalk on North Main Street; that the hole when not in use was usually covered with iron doors, but when used the doors were open, making it dangerous and likely for people to fall through the open hole into the basement; that, although it was the duty of defendant to keep the sidewalk in front of and over the basement used by the establishment of the plumbing company in a reasonably safe condition for travel by the public, and while defendant

and its officers had notice of, or in the exercise of reasonable care would have had notice of, the defective and unsafe condition of the sidewalk, defendant and its officers failed and neglected to put and maintain the sidewalk in a reasonably safe condition for travel by the public; that the hole was dangerous, in that at irregular times during the day the plumbing company would use it and would raise and open the doors, leaving the hole in such condition that any person stepping into it would be thrown or hurled into the basement beneath the sidewalk; that, during all of the period mentioned, defendant permitted the plumbing company to make use of the sidewalk and licensed the same by exacting and receiving an encroachment tax and rental, which was exacted and collected on account of the doors as an encroachment on the sidewalk. It is further alleged that on the fifth day of May, 1924, plaintiff, believing that the sidewalk was safe and unobstructed, was traveling upon and over the same at and in front of the business house of the plumbing company and was using due and ordinary care for her own safety, and, without any notice that the doors over the hole in the sidewalk had been opened and raised, she stepped into the hole and passageway and was thrown into the basement, sustaining the injuries complained of.

The answer of defendant admits its corporate existence, that North Main Street is a public street in the city of Butte, and denies all other allegations of the complaint.

Upon the trial of the cause, defendant's motion for a directed verdict was denied, and there was verdict and judgment for plaintiff. Defendant's motion for a new trial was denied, and it appeals from the judgment.

The various assignments of error present three questions: First, does the testimony affirmatively show that plaintiff was guilty of contributory negligence; second, did plaintiff fail to establish the allegations of her complaint that the hole in the sidewalk, when the iron doors were open, was not protected by a guard of any kind placed in the vicinity, or any warning notice or signal to warn pedestrians of the danger;

and, third, did the court err in giving to the jury its instruction 7A?

1. Counsel for plaintiff insists that, since defendant did not plead contributory negligence, it is not in any position to urge the question. While the rule is settled by repeated decisions of this court that, in order to be effective as a defense, contributory negligence must be pleaded with the same particularity as is required in charging negligence (*Burns* v. *Eminger*, 84 Mont. 397, 276 Pac. 437; *Daniels* v. *Granite Bi-Metallic Co.*, 56 Mont. 284, 184 Pac. 836; *Freischeimer* v. *Missoula Creamery Co.*, 64 Mont. 443, 210 Pac. 329; 1 Thompson on Negligence, sec. 366), the rule is equally well established that, when "plaintiff's own case presents evidence which, unexplained, makes out prima facie contributory negligence upon his part, there must be further evidence exculpating him or he cannot recover." (*Grant* v. *Chicago, Mil. & St. Paul Ry. Co.*, 78 Mont. 97, 252 Pac. 382, 385; *Holland* v. *Pence Auto. Co.*, 72 Mont. 500, 234 Pac. 284; *Haney* v. *Mutual Creamery Co.*, 67 Mont. 278, 215 Pac. 656; *Puckett* v. *Sherman & Reed*, 62 Mont. 395, 205 Pac. 250.) In other words, in addition to proof of negligence and resulting injury, plaintiff must bear the burden of showing that the particular negligence charged was the proximate cause of the injury. (*Howard* v. *Flathead Tel. Co.*, 49 Mont. 197, 141 Pac. 153; *Therriault* v. *England*, 43 Mont. 376, 116 Pac. 581; *Monson* v. *La France Copper Co.*, 39 Mont. 50, 133 Am. St. Rep. 549, 101 Pac. 243.)

Does plaintiff's testimony affirmatively show contributory negligence on her part? On direct examination she testified: That she was going south on North Main Street; that, as she approached the place where the hole was in the sidewalk, three ladies were standing near talking, just north of the iron doors; that the ladies were parting as she approached and she was trying to get out of the way of one of them who was going north; that she bumped against the gate and fell into the hole. "I didn't see the gate until I bumped against the gate and then I tried to pull myself back, so that I wouldn't go in, and the gate fell with me because they didn't have any iron

bars to keep it up. These three ladies who were talking were standing right in front of the meat market; they were standing right north of the door of which I have been speaking. When these three ladies were parting I was trying to get out of the lady's way that was going up north. I just bumped against the gate and the gate fell right in with me, and I tried to pull myself back from going in the hole, and instead of that I went right down on top of my head. I did not see the door open before I bumped against it.''

Upon cross-examination she said: '' * * * And I didn't see the gate until I—she went right in front of me. She went just the way I followed her through; I followed her right straight the way she was going. She did not go into the hole; went to one side of the hole, east of the hole, but my foot bumped against the gate and the gate went right in with me, and fell down. * * * The south gate did not fall. Before that I could only see a little portion of the gate to the west. I didn't see the whole portion of it to the east before I bumped into it. * * * There is just a little bit of the sidewalk west of the gate, but I didn't think of going to that side of it. I thought that the gate was too close to the end of the sidewalk and that is why I didn't go to the west of it. The gate I saw there was not very high; I am not much of a judge of height; it didn't look quite as high as this witness stand, about 21 inches high. I had seen these iron doors open before that many times, and knew that they were there. * * *

''Q. And all that you had seen past these women before that happened was just the west portion of the gate? A. Just a little portion of the west portion.

''Q. Just a little piece of the west portion standing up? A. Yes, sir.''

On redirect examination she testified: ''I didn't know it was open before I hit it. Before I hit it with my knee I seen the west portion of it, when these women were there, the west portion when the women were passing by, and that was right

after they parted from each other. I did not know the gate was open before my knee touched it.''

Generally, the question of contributory negligence is one of ██ fact for the determination of the jury. This is true where the evidence is in such a condition that fair-minded men might draw different conclusions. It is only when but one reasonable conclusion can be reached from the facts that the court will determine the question. (*Boyd* v. *Great Northern Ry. Co.*, 84 Mont. 84, 274 Pac. 293; 20 R. C. L. 169; 39 C. J. 1178; *Butler* v. *City of McMinnville*, 126 Or. 56, 59 A. L. R. 381, 268 Pac. 760.) Bearing in mind this well-established rule, we are not willing to say as a matter of law, that it affirmatively appears from plaintiff's testimony that she was guilty of contributory negligence. The question was properly submitted to the jury.

2. Defendant urges that plaintiff failed to establish the ██ allegations of her complaint that the hole in the sidewalk, when the doors were open, was not protected by any guard placed in its vicinity or any warning notice or signal to warn pedestrians of the danger.

The record discloses that, at the place where the accident occurred, the sidewalk is twelve feet wide from the outside of the curb to the edge of the building. There is an excavation beneath the sidewalk covered by iron doors, which from north to south are forty-two inches wide; each door being twenty-one inches, surrounded by an iron rim or frame about five inches wide. The sidewalk to the west of the opening is two feet and on the east five feet. The covering for the hole is so constructed that one opens to the north and the other to the south, each weighing 200 to 225 pounds. The doors are of a mechanical ring-hinge construction so that, when they are open, the hinge drops down into a groove and allows the door to swing back from the perpendicular toward the sidewalk about ten degrees. When open, they stand up from the level of the sidewalk about twenty-one inches. From the construction and weight it requires considerable effort to push them over. In addition, there is testimony that usually, when open,

a piece of 2x4 is placed on the east end of the doors to keep them open and as a matter of safety to the public walking on the east side of the opening. The evidence is in conflict as to whether or not the doors were thus secured at the time of the accident.

The uncontradicted testimony shows that the doors had been open for approximately two hours before the accident. Stuart J. Hall, an employee of the plumbing company and a witness on behalf of defendant, testified: "I was sitting in the office, everybody else had gone to lunch. * * * The doors had been opened about two hours before the accident, which would be somewhere about two hours before the girl fell. * * * When Miss Olson fell into the hole the doors were not being used at all right at that time for the purpose of taking material in or taking plumbing material out, but the men probably worked right up until 12 o'clock. The accident happened I imagine about five or ten minutes after twelve."

The law enjoins upon defendant the duty to exercise ordinary diligence to keep the sidewalk in a reasonably safe condition for public travel; and, when it was rendered unsafe by reason of the use to which it was put and the authorities had notice of the condition, or the circumstances are such as to warrant a presumption of notice, as here—the city having exacted an encroachment tax from the plumbing company—the duty arose on the part of the defendant to warn the public by barriers or otherwise of the danger of being thrown into the hole. The rule applicable is well stated in *McCabe* v. *City of Butte,* 46 Mont. 65, 125 Pac. 133, 135, as follows: "A traveler upon a public street has the right to presume that it is in an ordinarily safe condition, because the law enjoins upon the authorities of the municipality the duty to exercise ordinary diligence to make and keep the streets in a reasonably safe condition for public travel; and when they are rendered unsafe by reason of repairs being made therein, or have become defective or unsafe from any cause, and the authorities have notice of the condition or the circumstances are such as to warrant a presumption of notice, the duty to

warn the public by lights or other means, while repairs are made, also arises. The traveler is not bound to make investigations, and he cannot be charged with negligence if he fails to do so."

Whether the doors in question, when open, constituted a ▮ proper or suitable warning or barrier to meet the requirements imposed upon defendant by law was a question of fact for the jury.

3. Instruction No. 7A, upon which defendant predicates ▮ error, advised the jury that it was the duty of defendant to keep its sidewalks in a reasonably safe condition for travel *by night* as well as day. Counsel argue that, since the accident occurred at about midday, there was no question presented as to whether or not the existing conditions would afford a reasonably safe place in the night-time. We agree with counsel that the words "by night" should not have been included in the instruction. However, we fail to see wherein defendant was prejudiced or its substantial rights were affected.

This court must disregard any error "which does not affect the substantial rights of the parties, and no judgment shall be reversed or affected by reason of such error." (Sec. 9191, Rev. Codes 1921.) On appeal, prejudice is never presumed, and a judgment will not be reversed merely because the lower court erred; in order to work a reversal, it must affirmatively appear that the error has prejudicially affected substantial rights of defendant on the merits of the case. (*Montana Live Stock Co.* v. *Stewart*, 58 Mont. 221, 190 Pac. 985; *Dockins* v. *Dockins*, 82 Mont. 218, 266 Pac. 398.) It does not affirmatively appear from the record that defendant was prejudiced or that substantial rights were affected by reason of the error.

Finding no reversible error, the judgment is affirmed.

MR. CHIEF JUSTICE CALLAWAY, ASSOCIATE JUSTICES MATTHEWS and ANGSTMAN, and HONORABLE WILLIAM L. FORD, District Judge, sitting in place of MR. JUSTICE GALEN, absent on account of illness, concur.