MULLINS, RESPONDENT, v. CITY OF BUTTE, APPELLANT.

(No. 7,009.)

(Submitted February 28, 1933. Decided March 23, 1933.)

[20 Pac. (2d) 626.]

*Mr. Edwin M. Lamb* and *Mr. Herbert M. Bingham,* for Appellant, submitted a brief; *Mr. Bingham* argued the cause orally.

*Mr. M. J. Doepker* and *Mr. William B. Frame,* for Respondent, submitted a brief and argued the cause orally.

MR. JUSTICE ANDERSON delivered the opinion of the court.

The plaintiff brought this action to recover damages against the defendant for injuries sustained by reason of a defective sidewalk approximately in front of No. 217 South Dakota Street in the city of Butte.

On the evening of January 29, 1931, at about the hour of 10 o'clock, the plaintiff, in company with her husband, was returning from a neighborhood grocery-store. On approaching their residence in the 200 block on South Dakota Street, believing she heard her five year old son crying, who was alone during their absence in the family dwelling, she commenced to run on this sidewalk. Her husband shouted a warning to her to be careful. The plaintiff tripped over a loose block or piece of concrete, fell violently, sprained her ankle, injured the ligaments of her left leg, sprained her back and suffered a miscarriage and displacement of the uterus. As a result of the miscarriage, she was confined to her bed for some eleven days. Since the accident her monthly periods have continued for an abnormal length of time.

Testimony was received to the effect that the sidewalk at the particular place where the plaintiff fell had been cracked, broken and in a loose condition for a year or more. At one time it had heaved, developing a bump which one of the neighbors had removed. Plaintiff had passed over this walk at various times during the six-months period prior to the accident.

The jury returned a verdict in the sum of $5,000. Judgment was accordingly entered, and motion for new trial made and denied. The appeal is from the judgment.

The defendant asserts that the plaintiff was guilty of contributory negligence as developed by the testimony received in her behalf. Contributory negligence was not pleaded by defendant, nor was any proof offered supporting that theory as a part of defendant's case. Generally, the question of contributory negligence is one of fact for the determination

of the jury. It is only when but one reasonable conclusion can be reached from the facts that the court will determine the question as a matter of law. (*Olson* v. *City of Butte*, 86 Mont. 240, 283 Pac. 222, 70 A. L. R. 1352.)

Defendant argues that the plaintiff was guilty of contributory negligence, because of her physical condition, in running along the street. Though a woman may be pregnant, she is one of the public, and has a right to use the streets in the same manner as other persons. While it may be said that at every stage of the period of pregnancy her coming and going should be regulated with due care for the safety of her unborn offspring, her legal obligation to foresee and provide against neglect of duty by the public authorities is no greater than that of other members of the community. (*McCabe* v. *City of Butte*, 46 Mont. 65, 125 Pac. 133.) The act of running along a sidewalk is not negligence *per se*. (*Penrose* v. *Fehr*, 113 Mich. 517, 71 N. W. 862, 67 Am. St. Rep. 479.) Plaintiff had the right to proceed rapidly. (*McCabe* v. *City of Butte*, supra.)

It is also urged that the plaintiff was guilty of contributory negligence because she had knowledge that the sidewalk was defective; also as a result of the warning by her husband. Mere knowledge of an offending instrumentality does not constitute contributory negligence. (*Neilson* v. *Missoula Creamery Co.*, 59 Mont. 270, 196 Pac. 357.) The attention of a pedestrian may be diverted by various causes, but a mere temporary diversion does not make him guilty of contributory negligence as a matter of law. (7 McQuillin on Municipal Corporations, 261; *Smith* v. *Clayton Construction Co.*, 189 Wis. 91, 206 N. W. 67.)

A number of photographs of the sidewalk were received in evidence, but these are not a part of the record in this court.

Under the facts and circumstances presented by the record, we are entirely unwilling to say that the plaintiff is shown to have been negligent as a matter of law. The court properly submitted the question of contributory negligence to the jury.

The defendant urges that the evidence on behalf of the plaintiff was contradictory, and seeks to invoke the rule that, "where there are inherent improbabilities in the evidence upon which the case must rest, so patent that the truth cannot be in it, it is a question of law and not one of fact." (*Whitney* v. *Bertolgio Mercantile Co.*, 65 Mont. 358, 211 Pac. 323, 325.) Many of the contradictions relate to trivial matters. However, the duty of passing upon the weight of the evidence and the credibility of the witnesses was for the jury, even though the evidence on behalf of plaintiff was somewhat conflicting. (*Hardie* v. *Peterson*, 86 Mont. 151, 282 Pac. 494; *Bitter Root Creamery Co.* v. *Muntzer*, 90 Mont. 77, 300 Pac. 251; compare *Lindley* v. *Blumberg*, 7 Cal. App. 140, 93 Pac. 894.) We cannot, from a careful examination of the record, conclude that the evidence offered by the plaintiff was so inherently improbable that the solution of the case becomes a question of law.

The giving of certain instructions, over objection by the defendant, is assigned as error. These specifications were not argued either in the brief of defendant or on the hearing before this court. They will therefore be deemed waived.

It is contended that the verdict is excessive. Our attention is invited to the case of *McCabe* v. *City of Butte*, 46 Mont. 65, 125 Pac. 133, wherein a verdict for $10,475 was by this court reduced to $3,000 or a new trial granted. The injuries in these two cases are somewhat similar, although not identical. The verdict in this case is less than one-half of the verdict in the *McCabe Case*. Witnesses for the plaintiff testified with reference to her injuries that before the accident she was in good health; afterwards she had a miscarriage; was confined to her bed for eleven days; suffered sharp pains from the miscarriage, pains from other injuries, namely, a sprained ankle, injured back, and left leg; that before the injury her "monthly periods" were regular; since the accident she "flows" from two weeks to a month; that she is now unable to do much of her work; has severe headaches; that her womb is displaced, which condition can only be corrected by an

operation at an expense of from $350 to $400; that she has incurred bills for medical treatment in the sum of $176.

The verdict in this case is dangerously near to being excessive. Had the trial judge, who saw the witnesses and heard them testify, reduced the verdict on motion for new trial, we would have no hesitancy in affirming such action. However, we do not feel that the verdict is so clearly excessive as to shock the conscience and understanding. Therefore the verdict is accepted as conclusive. (*Staff* v. *Montana Petroleum Co.*, 88 Mont. 145, 291 Pac. 1042; *White* v. *Chicago etc. Ry. Co.*, 49 Mont. 419, 143 Pac. 561, 564. See, also, *Brown* v. *Columbia Amusement Co.*, 91 Mont. 174, 6 Pac. (2d) 874; *Autio* v. *Miller*, 92 Mont. 150, 11 Pac. (2d) 1039.) We are therefore unable to say, as a matter of law, that the award of damages in this case is excessive.

The judgment is affirmed.

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES ANGSTMAN, MATTHEWS and STEWART concur.