KVIA, RESPONDENT, *v.* FEDDERSON, APPELLANT.

(No. 8,246.)

(Submitted January 15, 1942. Decided January 29, 1942.)

[121 Pac. (2d) 207.]

98

 

*Mr. Lloyd I. Wallace,* for Appellant, submitted a brief and argued the cause orally.

*Mr. F. N. Hamman,* for Respondent, submitted a brief and argued the cause orally.

MR. JUSTICE ERICKSON delivered the opinion of the court.

This is an appeal from a judgment in favor of the plaintiff in the district court for Lake county. Plaintiff's complaint seeking damages for personal injuries alleged that, while he was working for the defendant as a farmhand, defendant was operating two farms near Polson, Montana; that on the date in question plaintiff and another employee, together with defendant, were engaged in hauling barley bundles from one of the defendant's farms; that on that day bundles were being hauled in a Studebaker pick-up belonging to the defendant, and that the bundles on the particular load were piled to a height in excess of the sides and end of the pick-up; that the plaintiff was directed and permitted to ride on top of the load on the trip toward Polson; that the defendant drove the truck, and that he did so at such a reckless, careless and negligent rate of speed that the bundles of grain and plaintiff were shaken from the load so that plaintiff fell upon the highway and was injured.

The complaint alleges specific negligence of the defendant in driving the truck at an excessive rate of speed and in piling the bundles at an excess height, in permitting plaintiff to ride on top of the load, and in failing to observe the condition of the highway, in using the truck in question for hauling barley bundles and in failing to provide hospitalization and medical care for plaintiff.

The complaint negatives negligence on the part of the plaintiff and sets out that plaintiff was permanently injured. The

answer generally denies the allegations of the complaint and sets up further, as affirmative defenses, first, that the plaintiff was an experienced hand; that he was familiar with the manner of loading and placing bundles on a load; that he himself had loaded the bundles on the occasion in question; that he chose voluntarily to ride upon the load, and that by reason of these facts he had assumed the risk; and second, the answer alleges contributory negligence based on similar allegations of fact.

The cause was once tried and a verdict directed in favor of the defendant. Thereafter a new trial was granted the plaintiff, and upon such trial the jury returned a verdict for the plaintiff in the sum of $1,613.09, and judgment was entered thereon with costs. A motion for new trial was denied by the court. At the close of plaintiff's case, motion for nonsuit was made and denied. At the conclusion of the introduction of testimony, motion was made for a directed verdict, and it was denied.

The specifications of error are based principally on defendant's contention that there was no substantial evidence of negligence on his part; that if there were any negligence on his part it was offset by contributory negligence of plaintiff, and further that the testimony shows that plaintiff assumed any risk attendant upon riding upon the load of bundles as he did from the ranch to Polson.

The evidence, briefly summarized, is that defendant was hauling bundles from one farm to the other for the purpose of having them threshed, and that in so doing he used another larger truck ordinarily and a small passenger coupe as a means of transporting himself and the plaintiff or other employees from the one farm to the other, while the larger truck proceeded with its load from one farm to the other. On the day in question, in addition to the larger truck, defendant was using the smaller Studebaker truck or pick-up for the purpose of hauling bundles as well as for the purpose of transporting himself, the plaintiff and another employee. The record shows that the body of the Studebaker was rather small and that the

load of bundles extended out over the sides and end and considerably above the cab of the truck. In loading the truck, defendant and the other employee pitched the bundles up to the plaintiff who built the load. Defendant and his employee testified that after they had pitched up what they considered enough bundles to make the load, plaintiff asked them to put on some more so that he could bind the load. They testified that defendant asked the plaintiff to ride in the cab of the truck, but that plaintiff replied that he wanted to ride upon the load. As a result of the injury later suffered, plaintiff had no recollection of what occurred at any time during the day.

Subsequently, and after plaintiff had been injured and had returned from the hospital, he had some conversation with the defendant concerning whether or not he, plaintiff, was riding on the load at defendant's direction. That conversation was in part overheard by a Mrs. Loge. Her testimony was that she recalled "distinctly Mr. Fedderson saying to John [Kvia] that it was his [defendant's] fault for allowing him [Kvia] to ride on the load." Plaintiff's version of the statement was that defendant said, "I feel responsible for it [the accident], for I owned the load and owned the truck, and I had you on top of the load."

In proceeding from the one farm to the other, the truck was driven along an oiled highway which descended a hill. At the time of the accident the truck was proceeding down this hill along a stretch of road which several witnesses testified was "washboardy" and rough. As they were going down the hill, defendant stated that he heard plaintiff yell and that shortly thereafter he stopped the truck; that he discovered the plaintiff and a number of the barley bundles lying upon the road back of the truck and that plaintiff apparently had been injured. Shortly thereafter a doctor appeared on the scene and plaintiff was taken to the hospital where he remained for some time and underwent an operation necessitated by the injuries he had sustained as a result of falling from the truck.

The defendant testified that at the time of the accident he

was traveling not over twenty miles an hour. There is considerable conflict as to the physical conditions at the scene of the accident. Some witnesses testified that barley bundles were scattered for a distance of two hundred feet or more back of the truck, while others testified that they were scattered but for a short distance. The estimates as to the number of bundles that had been shaken from the load varied greatly also. It is undisputed that some of the bundles had been thrown over the shoulder of the road, which was some four feet wide, into a ditch, so that they lay some seventy-five feet below the shoulder of the road. The purpose of this testimony as to the position of the bundles apparently was to indicate that the truck was being driven at an excessive rate of speed and in a reckless manner, considering the condition of the road and the nature of the load.

The jury was instructed upon assumption of risk and contributory negligence. While there is no conflict as to the fact that the load was built by the plaintiff himself, and that he, as an experienced farmhand, was able to determine as well, or better, than the defendant, the question whether or not it was safe to ride on the load, there is conflict as to whether plaintiff rode on the load upon his own election or upon the direction of the defendant. The testimony of Mrs. Loge and of plaintiff as to the statement made by the defendant contradict the testimony of the defendant and the fellow employee, and that conflict was for the jury's determination. (*De Sandro* v. *Missoula Light & Water Co.*, 48 Mont. 226, 136 Pac. 711.) Since the jury found for the plaintiff, it may reasonably be assumed that that conflict was resolved in favor of the plaintiff. Assuming, however, that the jury found otherwise, yet it cannot be said as a matter of law that the defendant must prevail, and if the evidence shows that the truck was operated at an excessive speed or recklessly, in light of the nature of the load being carried upon it, then the jury would be justified in finding for the plaintiff, for he did not assume the risk attendant upon defendant's neg-

ligence in operating the truck. (*Grant* v. *Nihill*, 64 Mont. 420, 219 Pac. 914.) Plaintiff might have assumed the risk attendant upon riding upon the load, were the truck operated in a reasonably prudent manner, but that would not mean that he assumed the risk of injury which might be caused by reckless operation of the vehicle on the part of the defendant.

There is no direct testimony to controvert that of defendant and the fellow employee that the truck was being driven at a relatively low speed. However, the physical facts could have been considered by the jury as controverting that testimony. It is not necessary to here again recount those physical facts. From them the inference could be logically drawn that defendant was not operating the truck in a reasonably prudent manner, taking into account the load that was upon it and the fact that defendant knew plaintiff was riding upon the load.

The question of contributory negligence was properly submitted to the jury (*Mullins* v. *City of Butte*, 93 Mont. 601, 20 Pac. (2d) 626), and by its verdict it found against the defendant as to it.

Error is specified in the giving of several instructions and in the refusal to give proposed instructions. Particularly defendant objects to the first instruction given by the court, in which it sets out in a sentence what is contained in the pleadings, in that nothing is said in that instruction concerning defendant's defense of assumption of risk. That question is covered in a later instruction; and it was not error to fail to include it in the first instruction. The instructions given by the court adequately and completely covered the theories presented by the pleadings and evidence, and no error was committed in refusing to give the instructions proffered by the defendant.

The judgment is affirmed.

MR. CHIEF JUSTICE JOHNSON and ASSOCIATE JUSTICES ANGSTMAN, ANDERSON and MORRIS concur.