F. E. SUHR, Plaintiff and Respondent, *v.* SEARS ROE-
BUCK And COMPANY, Defendent and Appellant.

No. 11533.
Submitted Jan. 14, 1969.
Decided Feb. 5, 1969.
450 P.2d 87.

Berg, O'Connell & Angel, Charles F. Angel (argued), Bozeman, for appellant.

Lyman H. Bennett, Jr. (argued) Bozeman, for respondent.

MR. JUSTICE BONNER delivered the opinion of the Court.

The respondent, F. E. Suhr, brought this action for damages which resulted from an injury sustained when he stepped on a nail protruding from a board located in a storeroom on the premises of Sears Roebusk and Company appellant herein. The jury returned a verdict in favor of the respondent in the sum of $3,500 for general and special damages. Judgment was rendered thereon and the Honorable W. W. Lessley, district judge, denied appellant's motion for judgment notwithstanding the verdict and motion for new trial. Appellant now appeals the denial of those two motions.

On November 19, 1964, appellant's store manager, Mrs. Mary Gee, called the respondent, who was a self-employed trucker running a dray and garbage service, and asked him to remove and dispose of several old appliances. When the respondent arrived to remove the appliances he parked his pickup truck in the alley behind the store and proceeded to the front of the building in order to ascertain which appliances were to be taken. Mrs. Gee led the respondent to a door which led from the main store into the back storeroom and while standing just inside the doorway pointed out to respondent the appliances standing along the opposite wall which wall was approximately fifty feet from the doorway near which they were standing. She then returned to the front of the store.

The appliances in question were located along the north wall of the room and to the right of the door up to which the respondent had backed his vehicle. The north wall had two windows in it which were high and approximately two feet by two feet in size. The north door was located approximately in the center of the north wall and there was, at the time of trial, a dispute as to whether the windows were both on one side of the door or whether one was on either side. Respondent testified that along the east wall there was an electric garage door with windows which were so dirty as to require the cupping of one's hands around the eyes in order to peer through them. The respondent also claimed the windows along the north wall were extremely dirty due to an exhaust fan in a nearby restaurant which blew grease and other dirt onto them.

The artificial lighting in the storeroom consisted of four or five drop cords hanging from the ceiling, each containing a 100 or 150 watt bulb and each individually operated by a pull string. These lights were located approximately six feet off the floor and Mrs. Gee testified that one or more of them were lit when she showed Mr. Suhr into the storeroom. The respondent testified he attempted to find a master switch in order to provide *more* light in the room, but failed because there was no

such switch. Failing to find the nonexistent switch, he then attempted to load the appliances and in doing so stepped on the nail.

The nail which respondent stepped on was located in one of a number of 2'' x 8'' and 3'' x 10'' boards which were piled about sixteen to eighteen inches high in front of the appliances. The boards were from a loading dock in the storeroom which was being torn down. Respondent admitted he saw the boards and testified that he knew he would have to step on them in order to remove the appliances; however, he also testified that he did not see the nails until after he stepped on one of them while lifting one of the appliances. After stepping on the nail he returned to the front of the store and informed Mrs. Gee that he had done so and he wanted to file a claim. Mrs. Gee testified she then accompanied the respondent to the storeroom and it was only then that she saw the nails in the boards.

Mr. Suhr, after speaking to Mrs. Gee, consulted a physician who testified he treated Mr. Suhr for a puncture wound on the ball of the foot just behind the large toe; that he x-rayed the foot, bandaged the wound and innoculated Mr. Suhr for tetanus. The physician also prescribed some medication which Mr. Suhr took. However, due to pain that developed within the next few days Mr. Suhr consulted the physician by telephone and was advised to stay off his feet. He followed that advice, continued to take the prescribed medication and eventually the wound healed. In the meantime Mr. Suhr employed a man to take his place while he was convalescing.

After the wound healed Mr. Suhr began to be bothered by a callus formation which would build up over the wound scar when his job required him to do great deal of walking. He testified that if he did a lot of walking the callus would build up much faster than if he did little walking. Periodically, when the callus would become painful because of excessive build up, Mr. Suhr would consult a physician to have the build up removed or would remove it himself by cutting it off. The physi-

cian testified that Mr. Suhr would be bothered by the callus build up as long as he continued to walk. (There was also testimony that Mr. Suhr had received some treatment for suspicion of plantar's warts on his feet, but there was no testimony to the effect that the callus formation in question here was caused by plantar's wart.)

The appellant in its brief raises four issues for review, the first two of which should be treated together. In the first two issues the appellant contends the evidence did not show a breach of a legal duty and that the respondent was contributorily negligent as a matter of law.

■ There is no doubt that respondent while performing services for the appellant was a business invitee.

■ With regard to invitees we have held on a number of occasions, specifically in Cassaday v. City of Billings, 135 Mont. 390, 340 P2d 509, 510 (1959), and most recently in Luebeck v. Safeway Stores, Inc., 152 Mont. 88, 446 P.2d 921 (1968) that:

"It is well-established in Montana that a landowner is obligated toward an invitee to either use ordinary care to have the premises reasonably safe, or to warn the invitee 'of any hidden or lurking danger therein.' Milasevich v. Fox Western Montana Theatre Corp., 118 Mont. 265, 270, 165 P2d 195, 197."

The duty of the defendant here was to maintain its premises in a reasonably safe condition or to warn invitee of any hidden or lurking dangers.

■ ■ Ordinarily it is for the jury to decide, under appropriate instructions, the issue of whether there has been a negligent breach of a legal duty. Marsh v. Ayers, 80 Mont. 401, 260 P. 702, (1927) and Autio v. Miller, 92 Mont. 150, 11 P2d 1039, (1932). Negligence and breach of duty are for the court to decide only if the evidence is undisputed or susceptible of but one conclusion by reasonable men. Robinson v. F. W. Woolworth Co., 80 Mont. 431, 261 P. 253 (1927).

■ Only five witnesses testified here: (1) Eugene Sinnema, the Allstate insurance agent who also had an office in the Sears

store and who testified that the backroom "* * * was a mess; it always was"; (2) Mr. Suhr, the respondent; (3) Mrs. Mary Gee, the store manager; and (4) two physicians who attended Mr. Suhr at various times in connection with the wound and callus build up. Other than Mr. Sinnema's testimony that he knew the loading dock was being torn down and the storeroom was always a mess, the only testimony relating to the storeroom was given by Mr. Suhr and Mrs. Gee. We do not think that the evidence was undisputed or susceptible of but one conclusion as per the Robinson Rule as laid down above. On the other hand, we feel there was evidence in the transcript sufficient to sustain the jury's verdict and we do not feel we should disturb their judgment.

It is also a well settled rule in this jurisdiction that contributory negligence is a question of fact for the jury unless but one reasonable conclusion can be reached from the facts. In Mullins v. City of Butte, 93 Mont. 601, 20 P2d 626, 627 (1933), this Court said:

"Generally, the question of contributory negligence is one of fact for the determination of the jury. It is only when but one reasonable conclusion can be reached from the facts that the court will determine the question as a matter of law. (Olsen v. City of Butte, 86 Mont. 240, 283 P. 222, 70 A.L.R. 1352.) * * *

"Under the facts and circumstances presented by the record, we are entirely unwilling to say that the plaintiff was shown to have been negligent as a matter of law. The court properly submitted the question of contributory neglegence to the jury."

It should be remembered that in the Mullins case the plaintiff had known for approximately six months of the faulty condition of the sidewalk which caused her to fall when her attention was temporarily diverted. This Court said that mere knowledge of the offending instrumentality does not constitute contributory negligence and that a temporary diversion does not make one guilty of contributory negligence as a matter of law. (Mullins v. City of Butte, supra at 627, 20 P2d 626.)

Following the Mullins case, we do not think we can take the question of contributory negligence from the jury and hold the respondent contributorily negligent as a matter of law. The evidence was susceptible of two constructions and we believe that the construction the jury gave it is supported by the record.

The appellant did not allege as error the giving of instructions proposed by the respondent. However, the appellant did object to the court's refusal to give two of its proposed instructions. The appellant contends in its third issue for review that the judge erred in refusing to give its proposed instruction No. 12 which reads as follows: "You are instructed that plaintiff was under a duty to use ordinary care for his own safety."

We have previously held that a trial judge will not be held in error for refusing to give instructions where the subject has been adequately covered by other instructions. Wollan v. Lord, 142 Mont. 498, 504, 385 P2d 102, 106 (1963). We think the proposed instructions was adequately covered by the court's instructions Nos. 5 and 7 which defined negligence and contributory care. We find no prejudice in the court's refusal to give offered instruction No. 12.

Appellant's fourth issue for review alleges that the trial judge should have given appellant's proposed instruction No. 4 on the duty to look and the duty to see. It is the rule in our courts that an instruction commenting on the evidence is properly refused. Hardesty v. Largey Lumber Co., 34 Mont. 151, 86 P. 29 (1906). One of the questions before the jury was whether or not the respondent was contributorily negligent. We think the proposed instruction would have been an improper comment on the evidence in regard to his alleged contributory negligence and was properly refused. If an instruction such as the one proposed here by the appellant were ever given in a case it would force a plaintiff, in order to assert that he was not contributorily negligent, to make a thorough and detailed search of any area he might enter. Such is not the law; one

must only use ordinary and reasonable care for his own safety in order not to be contributorily negligent.

The judgment is affirmed.

CHIEF JUSTICE JAMES T. HARRISON and MR. JUSTICES HASWELL, CASTLES and JOHN CONWAY HARRISON, concur.