TED PARINI, Plaintiff and Respondent, *v.* TONY LANCH, Defendant and Appellant.

No. 11108.
Submitted September 15, 1966. Decided October 11, 1966.
418 P.2d 861.

James E. Purcell (argued), Butte, for appellant.

William N. Geagan (argued), Butte, for respondent.

MR. JUSTICE CASTLES delivered the Opinion of the Court.

This is an appeal by the defendant from a judgment entered upon a directed verdict as to liability and a jury verdict awarding the plaintiff $8,000 damages for personal injuries.

The accident occurred on June 28, 1964, at approximately 5:45 P.M., mountain daylight time. Plaintiff was riding horseback astride a gelding and leading a mare without rider. He was travelling in a southerly direction on the left hand side of Lowlands Road, facing oncoming traffic. The Lowlands Road,

located in Jefferson County, was of dirt construction and was about fourteen feet wide at the site of the accident. While driving his automobile in a northerly direction, defendant Lanch struck the mare horse. According to plaintiff's testimony, the mare was being led by a rope attached to the saddle of the gelding upon which plaintiff was mounted. The impact, according to the plaintiff, threw him from his horse and resulted in injuries for which compensation was sought in this action.

Undisputed facts are that the defendant failed to stop after the collision and that defendant was apprehended a short time later by a member of the Montana Highway Patrol; defendant having been involved in another subsequent accident. Defendant testified that he had consumed a small amount of beer and whiskey prior to striking the mare horse. The defendant and passengers in his automobile did not see the horse until the distance between the car and the horse was no more than thirty feet.

The only medical evidence presented was testimony by Dr. James, appearing for the plaintiff, indicating that plaintiff had sought treatment the day following the accident and at that time showed extensive bruises on his right side. X-rays of plaintiff showing damaged and deteriorated vertebral discs were placed in evidence and the possibility that such injuries were caused by the accident was affirmed by Dr. James.

Upon completion of all testimony, plaintiff moved for and was granted a directed verdict on the issue of liability only. The jury was instructed to determine the amount of damages and judgment was entered accordingly.

The eight specifications of error urged by defendant in this appeal can be reduced to two basic issues. First, whether the District Court erred in granting plaintiff's motion for a directed verdict, and second, whether there was error in denying defendant's motion for a new trial. A new trial was sought on the ground that damages awarded were excessive because given under the influence of passion and prejudice.

Defendant contends that the motion for a directed verdict should have been denied because material facts were in dispute and that this should have been submitted to the jury for resolution. Points of disagreement between the parties include the speed at which defendant was driving, the exact location of the site of the accident, the distance at which the mare became visible to the defendant, the position of the mare before impact, whether the mare was roped to the saddlehorn of the horse upon which plaintiff was mounted, and whether plaintiff was in fact injured as a consequence of the collision.

R.C.M.1947, § 93-5205, provides: "Where, upon the trial of an issue by a jury, the case presents only questions of law, the judge may direct the jury to render a verdict in favor of the party entitled thereto." In passing on a motion for a directed verdict the court will consider the evidence in the light most favorable to the party against whom the motion is directed and will draw every reasonable inference from such evidence. Johnson v. Chicago, M., St. P. & Pac. Ry. Co., 71 Mont. 390, 230 P. 52; McIntosh v. Linder Kind Lumber Co., 144 Mont. 1, 393 P.2d 782; Story Gold Dredging Co. v. Wilson, 106 Mont. 166, 76 P.2d 73. A jury question is presented only when reasonable men might differ as to the conclusions of fact to be drawn from the evidence, viewed in the light most favorable to the party against whom the motion is made. A directed verdict may be granted when the evidence is so insufficient in fact as to be insufficient in law.

The record shows that the plaintiff moved for a directed verdict "taking the most favorable view on behalf of the defendant to all of the evidence". In granting the motion, the district court held that there was no substantial evidence favorable to the defendant which would permit reasonable men to reach different conclusions from the evidence, and that the defendant was liable as a matter of law. We agree with the district court.

The only witness for the defendant to observe the conse-

quences of the collision was the defendant's young son, Billie Lanch, a passenger in the automobile. This witness stated that he saw the plaintiff sitting on his horse after the impact. The three adults riding in the car did not look back and there was no other evidence favorable to the defendant showing that the plaintiff was not in fact thrown from his horse. Conceding the credibility of this young witness, we think that the testimony of Billie Lanch standing alone is not substantial evidence of the fact that the plaintiff was not injured as a result of the accident.

None of the defendant's witnesses were able to state affirmatively that there was no rope between the mare and the gelding. Witness Sager, an adult passenger in the car, merely stated that he did not see any rope.

The facts, according to the defendant, are that the defendant had been drinking, that he was driving at a rate of thirty or thirty-five miles per hour, that his party was hunting gophers and was looking for them beside the road, and that the defendant was not aware of the mare horse in his path until a point at which collision was inevitable. Assuming that the mare was standing at a 45 degree angle and was partially on the road, as indicated by the defendant's evidence, we feel that the defendant clearly had ample opportunity to observe the plaintiff and his horses and was negligent in failing to do so.

R.C.M.1947, § 32-1202, requires drivers of automobiles involved in accidents resulting in personal injury to stop their vehicle and remain at the scene until they have discharged a duty to render aid and give information. The defendant realized that he struck the horse but made no effort to stop or to look back to see if damage had been done.

The defendant was not certain as to the manner in which the collision occurred. There is at most a mere scintilla of evidence from which it could reasonably be inferred that the defendant was not negligent; there is no substantial evidence to

this effect. We therefore hold that the district court did not err in granting plaintiff's motion for a directed verdict.

Since the district court correctly directed a verdict establishing defendant's liability as a matter of law, there was no error in failing to instruct the jury on the defenses of contributory negligence and assumption of risk, or that the defendant was confronted with a sudden emergency.

In moving for a new trial, defendant contends that the damages awarded were excessive because they were based on passion and prejudice. The source of the suggested prejudice is the fact that the verdict was directed coupled with insufficient proof of injuries proximately caused by the defendant's acts.

Since we have ruled that the directed verdict was proper, it was not prejudicial. This court has said:

"There is no standard fixed by law for measuring the value of human health or happiness. In every case of personal injury a wide latitude is allowed for the exercise of the judgment of the jury, and, unless it appears that the amount awarded is so grossly out of all proportion to the injury received as to shock the conscience, this court cannot substitute its judgment for that of the jury. * * *

"It was for the jury to determine whether the evidence touching the character and extent of plaintiff's illness was worthy of credit, and the verdict is their answer to the inquiry". Kelley v. John R. Daily Co., 56 Mont. 63, 80, 181 P. 326, 332.

While the testimony of plaintiff's doctor could have been more persuasive, there was medical evidence of permanent back and shoulder injuries which could have resulted from the accident here in question. The plaintiff testified to continuing pain in his back and right leg. His evidence of decreased physical activity was not seriously placed in doubt. The defendant failed to offer independent expert medical testimony in an attempt to show that the injuries complained of did not in fact result from the accident. We cannot rule that the jury was without evidence of injury caused by the defendant's negligence.

Financial records of the plaintiff's business were introduced and stipulated to by the parties. The interpretation of these records, however, was not agreed upon. Reviewing the financial reports and the testimony of the plaintiff's accountant, we feel that there is evidence of reduced net profits following the accident.

"* * * Of necessity, there cannot be any hard and fast rule established for determining the maximum compensation to be allowed for a personal injury, and the courts are therefore ever reluctant to interfere." Chenoweth v. Great Northern Ry. Co., 50 Mont. 481, 485, 148 P. 330, 331.

"The most that the trial court is empowered by law to do, in the event the award is excessive, is to grant a new trial for 'excessive damages, appearing to have been given under the influence of passion or prejudice', * * * on the ground that the jury thus abused its discretion, but the verdict of the jury is conclusive unless it is such as to shock the conscience and understanding." Simpson v. Miller, 97 Mont. 328, 340, 34 P.2d 528, 533.

Viewing the record as a whole, we do not feel that the damages awarded are so great as to shock the conscience of this court. Granting a new trial is discretionary with the district court, and there was no error in denying defendant's request for a new trial.

Finding no prejudicial error, the judgment is affirmed.

MR. CHIEF JUSTICE JAMES T. HARRISON, and MR. JUSTICES JOHN CONWAY HARRISON and ADAIR, concur.

HONORABLE NAT ALLEN, District Judge, sitting in place of MR. JUSTICE DOYLE (specially concurring).