RAY SILVER and AL BRAND d/b/a Al and Ray's Westside Texaco Service, Plaintiffs and Appellants, *v.* CARL W. DANIEL, an Individual, METALS BANK AND TRUST COMPANY, a Corporation and the ST. PAUL INSURANCE COMPANIES, a Corporation, Defendants and Respondents.

No. 11843.
Submitted Sept. 10, 1970.
Decided Nov. 16, 1970
Rehearing Denied Dec. 21, 1970.
477 P.2d 516.

Burgess, Joyce, Prothero, Whelan & O'Leary, Butte, Thomas Joyce appeared and Robert O'Leary argued, Butte, Knight, Dahood & MacKay, Anaconda, for plaintiffs-appellants.

Corette, Smith & Dean, Butte, James Anderson argued and R. D. Corette, Jr. appeared, Butte, for defendants-respondents.

MR. JUSTICE WESLEY CASTLES delivered the Opinion of the Court.

This is an appeal from an order and judgment of the district court of the second judicial district granting a motion for summary judgment for the defendant Metals Bank and Trust Company, dismissing it from the case. Defendants Carl W. Daniel and the St. Paul Insurance Companies remain as parties defendant in an action to recover the value of certain equipment destroyed in a fire on February 2, 1967.

Plaintiffs Ray Silver and Al Brand are the owners and operators of various business interests in Butte, Montana. One of their operations is Al and Ray's Westside Texaco Service Station located at the southwest corner of Porphyry Street and Excelsior Avenue. Another of their operations is Al and Ray's Westside Body Shop located on the north side of Porphyry Street and to the west of the intersection of Porphyry Street and Excelsior Avenue. In 1966 plaintiffs decided to construct an additional building on the property between the body shop and Excelsior Avenue and on the north side of Porphyry Street. The building was to consist of three garage stalls adjoining the body shop and two apartments over them.

To finance the new construction plaintiffs applied to the Metals Bank and Trust Company for a loan. They were advised by bank officials that a loan of this nature would have to be made through the Small Business Administration. Plaintiffs made two applications to the Small Business Administration and

the second one was accepted in September 1966. The loan was for $48,000 from the Metals Bank and Trust Company, secured by the Small Business Administration.

On September 26, 1966, plaintiffs were advised by the bank that they would have to submit to the bank evidence of insurance on the collateral for the loan in order to secure the bank's interest. Plaintiff Ray Silver advised Francis Gustafson, an assistant cashier of the bank, that plaintiffs had insurance with St. Paul Fire & Marine Insurance Company through the Carl Daniel agency and another policy with Farmers Insurance Company through the Bill Ash agency. Gustafson telephoned the Carl Daniel agency to confirm that insurance policy. A secretary in that agency assured him there was an insurance policy issued by that agency to plaintiffs, sufficient to cover the collateral for the loan.

Plaintiffs were then asked by the bank to produce written evidence of insurance with the Bill Ash Agency. Shortly thereafter, the bank received an insurance policy from the Carl Daniel agency for $16,000 covering the Westside Body Shop and a binder for $40,000 covering the new construction and an insurance policy from the Bill Ash Agency for $40,000 which covered the new apartments and garages. These policies were received by the bank around October 1, 1966 and the loan was completed the middle of October. Prior to February 2, 1967 the binder was cancelled and it is uncontroverted that plaintiffs were never notified by the bank or the Daniel agency of the cancellation.

As collateral for the loan, plaintiffs and their wives executed four security agreements. Two of these were life insurance policies owned by plaintiffs; the third was an interest in the motor vehicles owned by plaintiffs; the fourth consisted of all the furniture, fixtures, machinery, equipment and supplies located at lots numbered 6 and 7 of Block 4 of the West End Addition to the city of Butte. It was upon the motor vehicles and property located at Block 4 of the West End Addition, where the body shop and the proposed new building were located, that the bank required evidence of insurance as found in the Montana

Trust Indenture executed by plaintiffs. It is undisputed that insurance was provided on the motor vehicles, body shop and the new building.

On February 2, 1967, a fire occurred at plaintiffs' Texaco service station located across the street from the body shop and newly constructed building, resulting in total destruction of the service station. Plaintiffs brought the instant action alleging the defendants had undertaken to insure the property and equipment located at the service station at the same time insurance was being obtained on the collateral for the loan.

The basic issue on appeal is whether the trial court erred in granting defendant bank's motion for summary judgment. Plaintiffs contend there can be no summary judgment granted where, as they contend in this case, there are material facts to be considered by a jury.

Appellants assert that during the closing of the Small Business Administration loan, the respondent bank, through one of its employees, undertook to obtain insurance on property of the appellants which was not property constructed by the moneys of the loan and which was not collateral for the loan.

Respondent bank denied all the contentions. However, for our purpose here in considering a motion for summary judgment, we examine the facts in the light most favorable to the applicants. The answers to interrogatories, admissions, and depositions on file are void of facts which support the contentions of appellants.

The amount of insurance the appellants contend and allege the respondent undertook to supply was $20,000 or a split of a $40,000 insurance policy with $20,000 insuring the property which was the subject of the Small Business Administration loan and $20,000 insuring other property, namely the Texaco station that was destroyed by fire.

According to Ray Silver, he was told by the respondent's employee, Gustafson, that appellants had to have insurance. Silver informed Gustafson that Daniel was appellants' insurance agent. Gustafson did not know Daniel was appellants' insurance agent

until he was so informed by Silver. Silver stated that after he provided this information, Gustafson picked up the telephone and said, "I want to order $40,000 fire and extended coverage". Gustafson did not say anything more. The question of the division of the insurance was not discussed.

Immediately after the conversation at the bank, Silver went to see Daniel about his insurance and he saw Daniel several times thereafter, the last visit being on January 31, 1967, two days before the fire. Silver never asked Daniel to insure anything other than the new building and never asked what the insurance would cover or what the limits of liability would be. Daniel never represented that he had increased insurance coverage on inventory and equipment or that he had issued $20,000 worth of insurance on inventory and equipment. Silver never told Daniel to split the insurance policy.

Assuming all of Ray Silver's statements to be true, there is no legal principle upon which respondent bank can be liable to appellants. There is no way to proceed, either in logic or in law, from the statement "I want to order $40,000 fire and extended coverage", to liability on the part of the respondent for failure to provide $20,000 worth of insurance on the inventory and equipment of appellants' Texaco service station. From the telephone conversation allegedly made by Gustafson, there is no indication of exactly what was insured. There is no indication of any amount of insurance coverage to be placed upon the Texaco service station or its equipment and inventory. Silver did not tell Gustafson what to cover and did not tell him to divide the insurance. Silver, upon frequent visits to his own insurance agent, did not even tell Daniel that he wanted the service station equipment and inventory insured. The inventory and equipment at the Texaco service station was in fact insured under another policy that appellants had with Carl Daniel. If the facts in this case are taken in the light most favorable to the appellants, there are no grounds upon which the respondent bank can be held liable. The allegations of the appellants are simply not supported by fact. Whether there is any substantial

evidence in a case is always a question of law and judgment is properly entered when the evidence is so insufficient in fact as to be insufficient in law. Escallier v. Great Northern Ry. Co., 46 Mont. 238, 252, 127 P. 458; Parini v. Lanch, 148 Mont. 188, 191, 418 P.2d 861.

While the foregoing is dispositive of the appeal, an additional factor appears. It is immaterial whether or not Francis Gustafson acted as an agent for the respondent bank or appellants, or that respondent failed to notify appellants of the cancellation of the insurance binder. No matter who ostensibly or actually had the responsibility of obtaining the insurance, the fact remains it was only to be purchased for the collateral of the loan as far as all of these parties and transactions are concerned. The Montana Trust Indenture executed by appellants and their wives specifically states appellants are to ''provide, maintain and deliver to Beneficiary (Metals Bank), insurance'' adequately covering the security pledged for the loan. The security pledged for the loan was the buildings, fixtures and improvements located at lots numbered 6 and 7, Block 4 of the West End Addition to the city of Butte. This property includes only the body shop and the land upon which the new building was to be built. It clearly shows that the Texaco service station and its contents were not to be considered collateral for the loan. Therefore, it cannot be deduced that respondent bank was negligent in not obtaining insurance covering the service station. This point is admitted by appellants in their brief at page 9, where they state: ''* * * Defendant, First Metals Bank & Trust Company, intentionally, or by want of ordinary care, caused Plaintiff, Ray Silver, * * * to believe that Francis Gustafson * * * had either actual or ostensible authority to act for the Defendant Bank in ordering insurance coverage from the Defendant, Carl W. Daniels, *on the collateral* which Plaintiffs were going to pledge as security for the loan * * *.''

Since appellants have admitted the insurance was to be obtained only on the collateral and the service station was not a

part of the collateral, there is no material issue of fact and the trial court correctly so held in granting respondent bank's motion for summary judgment.

The decision of the trial court is affirmed.

MR. CHIEF JUSTICE JAMES T. HARRISON, and MR. JUSTICES HARRISON, HASWELL and DALY, concur.