No. 13023

IN THE SUPREME COURT OF THE STATE OF MONTANA

1975

---

MARY SLAGSVOLD, Executrix of the Estate
of Esther Christina Johnston, Deceased,

Plaintiff and Appellant,

-vs-

C. ALLAN JOHNSON,

Defendant and Respondent.

---

Appeal from: District Court of the Thirteenth Judicial District,
Honorable Robert H. Wilson, Judge presiding.

Counsel of Record:

For Appellant:

McDonough, Cox and Simonton, Glendive, Montana
Dale Cox argued and Richard A. Simonton argued,
Glendive, Montana

For Respondent:

Anderson, Symmes, Forbes, Peete and Brown, Billings,
Montana
Richard F. Cebull argued, Billings, Montana

---

Submitted: September 25, 1975

Decided: DEC 3 0 1975

Filed: DEC 3 0 1975

Thomas J. Kearney
Clerk

Mr. Justice Wesley Castles delivered the opinion of the Court.

On November 21, 1974, the Hon. Robert H. Wilson, presiding over a jury trial in the district court, Yellowstone County, granted a directed verdict to defendant C. Allan Johnson in the wrongful death and survival action brought by Mary Slagsvold, executrix of the estate of Esther Christina Johnston.

Plaintiff's decedent Esther Christina Johnston was a passenger in an automobile driven by Carl Dohlman, whose vehicle was involved in a collision with one driven by C. Allan Johnson at the intersection of U. S. Highway 87 and the north frontage road near Billings on October 22, 1971.

The collision took place after Dohlman stopped at the stop sign where the frontage road crosses Highway 87. Dohlman then proceeded to cross the highway, headed in a southerly direction. Defendant meanwhile was traveling in the southernmost eastbound lane of Highway 87 at a speed of 35-40 miles per hour, which was within the 45 miles per hour speed limit. Dohlman successfully navigated across the westbound lanes of the highway to a traffic island in the middle of the intersection, where he again stopped. But Dohlman then attempted to traverse the eastbound lanes in a less than direct fashion. The facts are in dispute concerning the exact manner of this crossing, but the testimony at trial indicates that the Dohlman vehicle was at least partially turned into the northern eastbound lane, then turned sharply to the right (south) and finally proceeded across the southern eastbound lane toward a gas station located directly south of Highway 87. Defendant's vehicle remained in the southern eastbound lane and collided with the Dohlman vehicle as it crossed that southernmost lane in front of the gas station. Plaintiff's decedent was injured in the accident and died the next day.

This action was brought against Dohlman and defendant but a settlement was reached with Dohlman prior to trial. At trial after plaintiff had put on her case, defendant moved for a directed verdict. That motion was granted and is the subject of this appeal.

Plaintiff presents two issues for review, which can be combined into a single issue by determining whether there was evidence of defendant's negligence, requiring submission of the case to the jury.

The parties agree the law of Montana on directed verdicts is stated in Autio v. Miller, 92 Mont. 150, 167, 11 P.2d 1039:

> "* * * as a general rule the issues of negligence and contributory negligence must be decided by the jury under appropriate instructions * * * and the settled rule is that a case should not be taken from the jury unless it follows as a matter of law that plaintiff cannot recover upon any view of the evidence including the legitimate inferences to be drawn from it; every fact will be deemed proved which the evidence tends to prove."

It is also stated in Lamb v. Page, 153 Mont. 171, 178, 179, 455 P.2d 337, which cited this passage from "2B Barron and Holtzoff, Federal Practice and Procedure, §1075, p. 387 * * *

> "'Thus a verdict may be directed if there is no evidence or at most a mere scintilla on which to base a verdict for the party having the burden of proof. The question for the court is not whether there is literally no evidence, but whether there is any upon which the jury could properly proceed to find a verdict. A directed verdict is proper only where there is no controverted material issue of fact for the jury. If viewing the evidence in light most favorable to plaintiff, there should be no substantial evidence to support a verdict for him, the defendant's motion should be granted.
>
> "'In viewing the evidence, the party against whom the motion is made must be given the benefit of every legitimate inference which can be drawn from the evidence; even if the facts are undisputed, the case must go to the jury if conflicting inferences may be drawn from the facts.'"

While plaintiff urges that there is sufficient evidence for a jury to find defendant negligent, we hold as a matter of law on the basis of the evidence presented that defendant acted within the standard of conduct required of automobile drivers in such

situations. In this instance, defendant was the favored driver under section 32-2172, R.C.M. 1947, which modifies the general right of way rules of section 32-2170, R.C.M. 1947. The driver of the automobile in which plaintiff's decedent was a passenger was under the duty of section 32-2172, which provides in pertinent part:

> "(a) The driver of a vehicle shall stop as required by section 32-2195 at the entrance to a through highway and <u>shall yield the right of way to other vehicles which have entered the intersection from said through highway or which are approaching so closely on said through highway as to constitute an immediate hazard</u> * * *." (Emphasis supplied).

Rather than yield the right of way to defendant as required by statute, Dohlman, according to his own testimony, attempted to signal to defendant a safe way around his car as he proceeded to cross Highway 87 in front of defendant. This maneuver by the Dohlman vehicle as it attempted to cross the eastbound lanes of Highway 87 is not a recognized or accepted signal between drivers. Hence defendant was under no legal duty to look out for or react to such a "jog" or "squirm" of a vehicle entering the highway in front of him.

Defendant could reasonably have believed that the Dohlman vehicle was making a left turn into the northern eastbound lane rather than proceeding across the southern eastbound lane in front of him. No basis exists for finding defendant negligent in such a case.

Faced with such evidence and the statutory duty of section 32-2172, the district court properly granted defendant's motion for a directed verdict and properly denied plaintiff's motion to set aside the directed verdict and grant a new trial.

Judgment is affirmed.

_Wesley Castles_
Justice

- 4 -

We Concur:

_James T. Harrison_
Chief Justice

_John Conway Harrison_

_Frank I. Haswell_

_Gene B. Daly_
Justices.