No. 13264

IN THE SUPREME COURT OF THE STATE OF MONTANA

1976

_____

SCOTT PARRISH,

Plaintiff and Appellant,

-vs-

RODNEY D. WITT and SHIRLEY WITT,

Defendants and Respondents.

_____

Appeal from: District Court of the Eleventh Judicial District,
Honorable Robert Sykes, Judge presiding.

Counsel of Record:

For Appellant:

Hash, Jellison & O'Brien, Kalispell, Montana
Kenneth E. O'Brien argued, Kalispell, Montana

For Respondents:

Warden, Walterskirchen & Christiansen, Kalispell,
Montana
Merritt N. Warden argued, Kalispell, Montana

_____

Submitted: August 31, 1976

Decided: OCT 12

Filed:

*Thomas J. Kearney*
Clerk

Mr. Justice John Conway Harrison delivered the Opinion of the Court.

This is an appeal from a directed verdict for defendants by the district court, Flathead County.

Plaintiff Scott Parrish was visiting the mobile home of Leo McDonald in early April 1973, to help a friend move her belongings. As he walked to the mobile home from his pickup, carrying a small child, a sudden rain began. He testified that as he trotted up the wooden walkway leading to the mobile home he slipped, slid two or three feet, the walkway tilted, his foot became anchored and as he twisted to keep the child from harm, he fell, suffering a severe broken leg.

Plaintiff filed a complaint which set out two claims for relief. The first named Rodney D. and Shirley Witt, the owners of the mobile home court, as defendants. The second named the McDonalds as defendants. The second claim was settled out of court and trial was had on the first claim. That trial ended with a directed verdict for defendant owners.

These defendants, Mr. and Mrs. Witt, are owners of the Greenwood Mobile Home Terrace near Whitefish, Montana. McDonalds were tenants, living in the newly constructed portion of the mobile home court. When McDonalds moved in they brought with them a section of wooden walkway which they installed in front of the steps leading to the mobile home. As a courtesy to the tenants, because the area would become muddy as spring progressed, the manager of the mobile home court constructed and delivered additional walkway sections.

When the sections were delivered to the McDonald residence they were placed approximately in line with the other section of walkway but there was no attempt to put them in final position or stabilize them. This occurred four to six weeks prior to the accident. In the time between the delivery of the additional walkway sections and the accident, plaintiff visited the McDonald residence. Mrs. McDonald testified she had noticed these additional sections were unstable and that she had reported this to the court manager.

The issue raised on appeal is whether the directed verdict was properly granted.

In Slagsvold v. Johnson, _____Mont._____, 544 P.2d 442,443, 32 St. Rep. 1273, 1275, this Court quoted with approval a prior case as stating the law of Montana on directed verdicts:

> "'* * * as a general rule, the issues of negligence
> and contributory negligence must be decided by the
> jury under appropriate instructions * * * and the
> settled rule is that a case should not be taken from
> the jury unless it follows as a matter of law that
> plaintiff cannot recover upon any view of the evidence,
> including the legitimate inferences to be drawn from
> it; every fact will be deemed proved which the evidence
> tends to prove.'"

Other cases have set out this general proposition in the form of three rules: 1) The evidence introduced by the plaintiff will be considered in the light most favorable to him. 2) The conclusions sought to be drawn from the facts must follow as a matter of law. 3) Only the evidence of the plaintiff will be considered. Hannifin v. Retail Clerks, 162 Mont. 170, 511 P. 2d 982; Mueller v. Svejkovsky, 153 Mont. 416, 458 P.2d 265; Pickett v. Kyger, 151 Mont. 87, 439 P.2d 57; Johnson v. Chicago, M. & St. Paul Ry., 71 Mont. 390, 230 P. 52.

The question then becomes -- whether, considering only the plaintiff's evidence in a light most favorable to him, it follows as a matter of law from the facts proven that there is no duty running from the landlord to the tenant's guest?

This Court in discussing liability of the landlord for injuries occurring on leased premises in Gray v. Fox West Coast Service Corp., 93 Mont. 397, 18 P.2d 797, said:

> "'In the case of injuries to third persons resulting from the condition or use of these premises, it is a general rule that prima facie the breach of duty and therefore the liability, is that of the occupant and not of the landlord, and that in order to render the latter liable more must be shown than merely that the premises on which or from which the injury arose were leased to him by another.'"

To avoid this general rule plaintiff must show more, he must show that he falls within one of the exceptions to this rule. In this case plaintiff relies on the exception which holds the lessor liable for repairs or improvements which are negligently made. The elements which must be shown in order to fall into this exception are set out in 2 Restatement of Torts 2d, §362, Negligent Repairs by Lessor:

> "A lessor of land who, by purporting to make repairs on the land while it is in the possession of his lessee, or by the negligent manner in which he makes such repairs has, <u>as the lessee neither knows nor should know</u>, made the land more dangerous for use or given it a deceptive appearance of safety, is subject to liability for physical harm caused by the condition to the lessee or to others upon the land with the consent of the lessee or sublessee."

It is clear that to find a duty on the part of the landlord four elements must be present: 1) The landlord must make a negligent repair or improvement. 2) That repair or improvement must make the land more dangerous or give a deceptive appearance of safety. 3) The lessee can neither know nor should he know of

- 4 -

the danger.  4)  There must be physical harm caused by the condition to the lessee or those on the land with his consent.

Here, it is clear that the evidence shows the lessee knew of the condition that plaintiff claimed was dangerous.  Even assuming that the lessee did not know the condition was present, it is at least arguable he should have discovered the dangerous condition in the four to six weeks after the new sections were delivered.  Once the tenants knew of the condition they have the responsibility to protect themselves and those who enter on to the premises from harm.  The liability of the landlord remains only as long as the tenants had no knowledge of the danger, his duty was to warn of the danger, and once the tenants knew of the danger the warning is no longer necessary.  After tenants know of the danger, they have the duty to either make the premises safe or to warn.  It is from this fact the conclusion that the landlord had no duty running to the plaintiff, follows as a matter of law.

The district court's order directing a verdict for defendant owners is affirmed.

John Conway Harrison  
Justice

We concur:

_James T. Harrison_
Chief Justice

_Frank I. Haswell_

_Wesley Castles_
Justices