TIMOTHY LAWLOR ET UX., PLAINTIFFS AND APPELLANTS, *v.* THE
COUNTY OF FLATHEAD ET AL., DEFENDANTS AND RESPOND-
ENTS.

No. 13949.
Submitted May 2, 1978.
Decided June 28, 1978.
Rehearing Denied Sept. 6, 1978.
582 P.2d 571.

Moore, Lympus & Doran, Kalispell, James D. Moore argued, Kalispell, for plaintiffs and appellants.

Warden, Walterskirchen & Christiansen, Kalispell, Gary R. Christiansen argued, Kalispell, for defendants and respondents.

MR. JUSTICE DALY delivered the opinion of the Court.

Plaintiffs Timothy Lawlor and Judith Lawlor, husband and wife, brought this action in the District Court, Flathead County, seeking damages pursuant to section 32-2904, R.C.M. 1947, for defendants' (County of Flathead and its Board of County Commissioners) alleged willful, intentional neglect in failing to remove an obstruction to a county road. This obstruction allegedly caused the car which plaintiff Tim Lawlor was driving to crash. The trial of the matter, before a jury, began on April 11, 1977. Defendants moved for, and were denied, a directed verdict at the close of plaintiffs' case in chief. At the close of all testimony all parties moved for directed verdicts in their favor. The motions were denied. The cause was submitted to the jury, with instructions.

The jury returned a verdict in favor of all defendants. Plaintiffs' subsequent motion for a new trial was denied. Plaintiffs appeal the judgment entered upon the jury verdict.

Plaintiff Tim Lawlor was injured on April 10, 1972, when a 1959 Volkswagen he was driving encountered a large "chuckhole" or "frost depression" causing him to lose control of the vehicle, leave the road, and roll several times.

The vehicle in question belonged to plaintiff's brother, Ryan Lawlor. Tim and Ryan Lawlor were enroute to Somers, Montana from Columbia Falls, Montana, by way of LaSalle road, a road maintained by defendant Flathead County. Plaintiff was driving the car for the first time, as his brother had just purchased it. The brothers intended to replace the shock absorbers on the vehicle with new shocks, upon their arrival in Somers.

There were numerous chuckholes on LaSalle road, due to the traditional spring thaw pavement breakup. The parties were traveling at a speed of approximately 45 miles per hour. As the parties approached the location of the accident, they noticed what appeared to be a roughness in the driving lane ahead. Plaintiff testified he slowed the vehicle to approximately 35 m. p. h. and, seeing no cars approaching in the opposite direction, swerved into the left lane of traffic to avoid the depression. As plaintiff swerved, his outer wheels contacted the shoulder of the road. Plaintiff lost control of the vehicle, it slid diagonally across the highway into the ditch, and rolled three or four times. While Ryan Lawlor was relatively unharmed by the accident, plaintiff was thrown from the vehicle and sustained serious injuries.

Upon examination by the highway patrolman who arrived at the scene, the depression was found to take up all of the lane in which plaintiff was traveling and a portion of the opposite lane as well. The depression measured approximately six inches in depth, eleven feet in width, and twenty-three feet in length. While most of the other, small chuckholes on LaSalle road were marked with red flags or other signaling devices, the depression in question was unmarked. Trial testimony indicated the depression existed for several weeks prior to the accident.

Plaintiffs commenced this action for damages, grounding their complaint on section 32-2904, R.C.M.1947, which provides:

"(1) Whenever any county road becomes obstructed, or any bridge needs repair or becomes dangerous for the passage of vehicles or persons, the board [of county commissioners] or the county surveyor, if he is in charge, shall remove the obstruction or repair the bridge, upon being notified thereof.

"(2) Nothing in this section shall be construed as holding the board, or any member, responsible or liable for anything other than willful, intentional neglect or failure to act." [bracketed material added.]

At the trial, the investigating highway patrolman generally corroborated the testimony of plaintiff and his brother concerning the manner in which the accident occurred. However, he also indicated that, in his opinion, the Volkswagen would have to be traveling at a speed much greater than 35 m. p. h., to roll three or four times.

Plaintiff admitted driving in the opposite direction over LaSalle road in his own vehicle on the day prior to the accident, and that he was forced to slow his speed somewhat because of the chuckholes and depressions. However, he also testified he had not noticed the particular depression in question, while driving the previous day.

Defense witnesses, consisting primarily of the named defendant county commissioners, indicated they could not recall getting notice of the particular depression in question, although witness Napton admitted driving almost daily over the section of road involved in the controversy, both before and after the accident.

Defendants also called as a witness Clifford Vinje, Flathead County Road Foreman at the time of the accident. Witness Vinje testified he could not recall the specific depression under consideration. However, he indicated the county road maintenance crews made temporary repairs on LaSalle road during the early spring 1972. He further testified no repair of a permanent nature could be made upon the numerous chuckholes and depressions, because of

adverse weather conditions of alternating freezing and thawing, together with precipitation.

Upon rebuttal, counsel for plaintiffs sought to question plaintiff Judy Lawlor, wife of plaintiff Tim Lawlor, and a second witness, concerning a permanent repair to the depression in question made by the county two days following the accident. The District Court sustained an objection to such questioning posed by defense counsel, based on the grounds of relevancy and materiality. In chambers, counsel for plaintiffs made an offer of proof on the matter arguing the testimony was relevant and material in rebutting the portion of the testimony of defense witness Vinje to the effect that no permanent repairs could be made on the particular depression due to adverse weather conditions. The offer of proof was rejected.

At the conclusion of the trial, eight of the twelve jurors returned a verdict for defendants. This appeal followed.

The issues before us on review are:

1) Did the District Court err in denying plaintiffs' motion for a directed verdict?

2) Did the District Court abuse its discretion in excluding plaintiffs' rebuttal testimony concerning subsequent repairs made by the county?

Plaintiffs first argue the trial court erred in failing to grant, upon motion, a directed verdict in their favor. It is maintained plaintiffs clearly established the statutory elements of willful, intentional neglect through failure to remove or repair an obstruction to a county road, and that proof of contributory negligence on the part of plaintiff Timothy Lawlor was at best mere speculation and conjecture.

Defendants argue the case, insofar as it concerned a determination of questions of fact regarding negligence and contributory negligence, was correctly found to be improper for resolution by a directed verdict for any party.

The conditions and procedure for directing a verdict in Montana courts are prescribed by statute. Section 93-5205, R.C.M. 1947, provides:

"Where, upon the trial of an issue by a jury, the case presents only questions of law, the judge may direct the jury to render a verdict in favor of the party entitled thereto."

Upon a motion for a directed verdict by a party, the evidence introduced by his opponent will be considered in the light most favorable to opponent. Thereupon, the conclusion sought by the moving party must follow as a matter of law. *Parrish v. Witt,* (1976), 171 Mont. 101, 555 P.2d 741; *Dieruf v. Gollaher,* (1971), 156 Mont. 440, 481 P.2d 322; *Pickett v. Kyger,* (1968), 151 Mont. 87, 439 P.2d 57.

Generally, directed verdicts are not favored by the courts. *LaVelle v. Kenneally,* (1974), 165 Mont. 418, 529 P.2d 788. A cause should never be withdrawn from the jury unless the conclusion from the facts advanced by the moving party follows necessarily, as a matter of law, that recovery can, as here, or cannot be had under any view which can be reasonably drawn from the facts which the evidence tends to establish. *In re Estate of Hall v. Milkovich,* (1972), 158 Mont. 438, 492 P.2d 1388; *Shields v. Murray,* (1971), 156 Mont. 493, 481 P.2d 860; *Johnson v. Chicago, M. & St. P. Ry. Co.,* (1924), 71 Mont. 390, 230 P.2d 52. A corollary rule is that where reasonable men might differ as to the conclusions of fact to be drawn from the evidence, viewed in the light most favorable to the party against whom the motion is made, a jury question is presented, and resolution by way of a directed verdict is improper. *Parini v. Lanch,* (1966), 148 Mont. 188, 418 P.2d 861.

While this Court has, on occasion, found a directed verdict proper in a negligence action, where there existed no genuine questions of fact and plaintiff was entitled to a verdict as a matter of law *Parini v. Lanch,* supra, the general rule is to the contrary. In reviewing a negligence action in which the trial court directed a verdict, this Court in *Slagsvold v. Johnson,* (1975), 168 Mont. 490, 544 P.2d 442, phrased the rule:

"The parties agree the law of Montana on directed verdicts is stated in *Autio v. Miller,* 92 Mont. 150, 167, 11 P.2d 1039, 1044:

" '* * * as a general rule, the issues of negligence and contribu-

tory negligence must be decided by the jury under appropriate instructions * * * and the settled rule is that a case should not be taken from the jury unless it follows as a matter of law that plaintiff cannot recover upon any view of the evidence, including the legitimate references to be drawn from it; every fact will be deemed proved which the evidence tends to prove.' " 168 Mont. 492, 544 P.2d 443.

In *Suhr v. Sears Roebuck Company*, (1969), 152 Mont. 344, 450 P.2d 87, 36 A.L.R.3d 602, this Court stated:

"Ordinarily it is for the jury to decide, under appropriate instructions, the issue of whether there has been a negligent breach of legal duty. * * * Negligence and breach of duty are for the court to decide only if the evidence is undisputed or susceptible of but one conclusion by reasonable men. * * *

"* * *

"It is also a well settled rule in this jurisdiction that contributory negligence is a question of fact for the jury unless but one reasonable conclusion can be reached from the facts. In *Mullins v. City of Butte*, 93 Mont. 601, 20 P.2d 626, 627, this Court said:

"* * *

" 'Generally the question of contributory negligence is one of fact for the determination of the jury. It is only when but one reasonable conclusion can be reached from the facts that the court will determine the questions as a matter of law. * * *' " 152 Mont. 348, 349, 450 P.2d 89, 90.

Here, the trial issues involved questions of fact regarding the negligence of defendants and contributory negligence of plaintiff Timothy Lawlor. A review of the record demonstrates no clear preponderance of evidence on either side justifying a directed verdict. Under the general rules set forth above, and upon a review of the evidence adduced by the parties at the trial, we conclude the District Court was correct in refusing to direct a verdict for plaintiffs, or any party.

However, plaintiffs also argue the trial court abused its discretion in excluding rebuttal testimony concerning repairs of a perma-

nent nature to the depression in question, made by the County road crew two days following the accident under conditions similar to those existing prior to and at the time of the accident. Plaintiffs maintain the proof was not offered to establish prior negligence on the part of the county but, rather, that repair of the hole was feasible under the weather conditions existing prior to the accident, contrary to the testimony given by defense witness Vinje.

Defendants assert the exclusion of such evidence is properly within the discretion of the trial judge, in balancing the probative value of the evidence against its potential for creating undue prejudice, confusing the issues and misleading the jury.

It is the general rule that evidence of subsequent repairs or precautions taken after an accident or injury is inadmissible as proof of negligence at the time of the accident or injury. 29 Am.Jur.2d, Evidence, § 275. However, where the evidence is not admitted as proof of negligence but, rather, to establish the physical conditions existing at the time of the accident such evidence may be properly admitted. *Pullen v. City of Butte*, (1912), 45 Mont. 46, 121 P. 878. Such evidence has also been held admissible to show the practicability or feasibility of repair. *Mitchell v. Trawler Racer, Inc.*, (1960), 362 U.S. 539, 80 S.Ct. 926, 4 L.Ed.2d 941; *Boeing Airplane Company v. Brown*, (9th Cir. 1961), 291 F.2d 310; *Johnson v. United States*, (D.Mont.1958), 163 F.Supp. 388; *Bartlett v. Hantover*, (1974), 84 Wash.2d 426, 526 P.2d 1217.

We hold plaintiffs' rebuttal testimony offered for impeachment of one of defendants' central witnesses on the crucial issue of practicability or feasibility of repairs, an issue raised by defendants in their case-in-chief, should have been allowed under the exception to the general rule heretofore noted.

The cause is reversed and remanded for a new trial in accord with this opinion.

MR. CHIEF JUSTICE HASWELL and JUSTICES HARRISON and SHEEHY concur.