**Valera M. HAYES, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**No. CV–78–45–GF.**

United States District Court, D. Montana, Great Falls Division.

Sept. 4, 1979.

Donald R. Marble, Chester, Mont., for plaintiff.

Robert T. O'Leary, U. S. Atty., Butte, Mont., Robert L. Zimmerman, Asst. U. S. Atty., Billings, Mont., for defendant.

## ORDER

HATFIELD, District Judge.

The parties to this suit have filed, pursuant to Rule 56, F.R.C.P., cross-motions for summary judgment. Having considered the motions, as well as the briefs submitted in support thereof and in opposition thereto, I am convinced there is no genuine question of material fact and that the defendant is entitled to judgment as a matter of law.

Plaintiff, Valera Hayes, rented a residence from the Bureau of Indian Affairs at Fort Belknap beginning in June, 1975. Sometime in September, 1976, the Bureau of Indian Affairs replaced the front steps of her rented house with new concrete precast steps. The new precast steps were not as long horizontally as the old steps. The result was that a depression remained from one of the old steps of approximately 12 inches wide and 4 inches deep between the new steps and the sidewalk.

Plaintiff admits she noticed the condition and at least once complained to the BIA. In spite of the government's obligation to maintain its housing facilities, BIA personnel did not remedy the condition until after plaintiff's mishap.

On the evening of November 25, 1976, the plaintiff, with others, exited her residence using the new steps. As plaintiff attempted to cross the depression her foot became caught and she fell, fracturing her ankle.

The issue raised by the pleadings is whether summary judgment should be granted in favor of the defendant.

F.R.C.P. 56(c) provides that summary judgment shall be rendered if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Montana law applies in the determination of actions arising under the Federal Tort Claims Act (28 U.S.C. § 2674 et seq.). *Richards v. United States,* 369 U.S. 1, 82 S.Ct. 585, 7 L.Ed.2d 492 (1962); *Castillo v. United States,* 10 Cir., 552 F.2d 1385 (1977).

The law in Montana is quite clear concerning a landlord's duty to his tenants and their guests. In *Parrish v. Witt,* 555 P.2d 741 (1976), the Montana Supreme Court addressed the issue of a landlord's liability for injuries due to dangerous conditions of leased premises. (See also *Gray v. Fox West Coast Service Corp.,* 93 Mont. 397, 18 P.2d 797 (1933)). The Court stated that to hold a lessor liable for repairs or improvements which are allegedly negligently made, four elements must be present:

1) The landlord must make a negligent repair or improvement;

2) That repair or improvement must make the land more dangerous or give a deceptive appearance of safety;

3) The lessee can neither know nor should he know of the danger;

4) There must be physical harm caused by the condition to the lessee or those on the land with his consent. 555 P.2d at 743.

The crucial factor in *Parrish*, supra, as here, was the third element.

The court held in *Parrish* that:

" . . . [t]he liability of the landlord remains only as long as the tenants had no knowledge of the danger, his duty was to warn of the danger, and once the tenants knew of the danger the warning is no longer necessary. After tenants know of the danger, they have the duty to either make the premises safe or to warn." Id. at 743.

Here, plaintiff admits that she knew of the condition of the steps. Therefore, even assuming for a moment that defendant's improvement was negligently made and resulted in plaintiff's injury, she is precluded from recovery because of her knowledge of the condition. Disquieting as it may be, upon discovery of the condition, the duty shifts to the tenant to either make the premises safe or to warn. Once the plaintiff had knowledge of the condition it was her responsibility to protect herself from the harm.

In this case the defendant has sufficiently shown that the applicable law and material facts entitle it to summary judgment. Plaintiff's conclusionary statements that Montana's adoption of comparative negligence somehow changes the duty owed to a tenant by his landlord is without sufficient authority. Moreover, plaintiff's attempt to distinguish *Parrish* on the basis that there was no other feasible alternative exit from plaintiff's rented house is unconvincing. Plaintiff admits there were two alternative exits—one through the garage and another through the back door of the premises. The fact that it may have been inconvenient or impractical to use such exits does not by itself render the defendant liable for plaintiff's injury.

Finally, plaintiff states correctly that an affirmative defense not pleaded is waived by that party. However, failure to plead a matter which constitutes an affirmative defense does not preclude a party from taking advantage of the opposing party's own evidence, if such evidence discloses the defense. See 2A Moore's Federal Practice § 8.27[3] at 1853–54; *Bradford Audio Corp. v. Pious*, 392 F.2d 67, 73 (2nd Cir., 1968); *Federal Savings & Loan Ins. Corp. v. Hogan*, 476 F.2d 1182 (7th Cir., 1973). Here, plaintiff's own proof discloses all that is necessary for defendant to assert its defense.

From the foregoing, and for the reasons stated above, the defendant's motion for summary judgment is granted. The cause is dismissed. Let judgment be entered accordingly.