No. 88-300

IN THE SUPREME COURT OF THE STATE OF MONTANA

1989

JOHN ROOKHUIZEN,

        Plaintiff and Appellant,

-vs-

BLAIN'S MOBILE HOME COURT, INC.,
a Montana corporation,

        Defendant and Respondent.

APPEAL FROM:  District Court of the Thirteenth Judicial District,
                In and for the County of Yellowstone,
                The Honorable Robert Holmstrom, Judge presiding.

COUNSEL OF RECORD:

        For Appellant:

                Michael M. Morse, Billings, Montana

        For Respondent:

                Jarussi & Bishop; Gene R. Jarussi, Billings, Montana

Submitted on Briefs:  Dec. 9, 1988

Decided: January 27, 1989

Filed:  '89 JAN 27 AM 11 51
ED SMITH, CLERK
MONTANA SUPREME COURT
FILED

Clerk

Mr. Justice L. C. Gulbrandson delivered the Opinion of the Court.

Appellant appeals the order and judgment of the Thirteenth Judicial District, Yellowstone County, granting respondent's motion for a directed verdict at the close of plaintiff's case-in-chief. We affirm the judgment of the District Court and award costs and assess damages in the amount of $200 against counsel for appellant.

This case arose after a fire destroyed appellant's mobile home which was located Blain's Mobile Home Court, Inc. (Blain's). Appellant had moved the mobile home into the court on or about April 1, 1982. He signed and completed an application for rental of a mobile home space, a rental agreement, and acknowledged receipt of rules and regulations governing the agreement. On the evening of August 19, 1982, appellant returned to his mobile home. Upon entering the mobile home he observed smoke and flames around an outlet in the kitchen. He left the mobile home, requesting his wife to go to the neighbors and call the fire department. He then went next door to get a garden hose with which to fight the fire. Appellant testified he almost had the fire out when the kitchen area erupted in flames, forcing him out of the home. When the neighbors called a private fire company, they were told the fire company did not cover the mobile home court anymore. They then called Blain's office to summon the volunteer fire service.

The volunteer fire service arrived approximately fifteen minutes later. The first pump on the fire truck would not start so the second pump was started. This pump ran only a few minutes before it ran out of gas. More gas was obtained and the pumping resumed only to have the truck run out of water within a few minutes. Water was then added to the tank using garden hoses. By the time the fire was

2

extinguished the mobile home was extensively damaged in the kitchen and living room areas with extensive smoke damage throughout.

A second fire occurred early the next morning, causing more damage to the living room, first bedroom and other areas. The volunteer fire department also extinguished this second fire. The insurance adjuster for the appellant who examined the mobile home on August 20, 1982, considered it a total loss.

Appellant contends the extent of the damage was due to negligence on the part of the mobile home court in its maintenance and operation of the volunteer fire department, and its failure to provide adequate fire protection for the residents of the mobile home court. Specifically they allege that Blain's was negligent for:

(1) terminating the O'Donnell Fire Service;

(2) assuring the appellant that they provided their own service;

(3) providing the inadequate equipment and inadequate training of the volunteer fire service;

(4) allowing the pumps on the fire truck to be nonfunctional and the water tank nearly out of water;

(5) one of the volunteer fire fighters breaking out the windows in the mobile home causing the fire to spread faster into other areas; and

(6) the fact that the fire was not completely extinguished before the fire fighters left the scene resulting in the second fire in the early morning hours.

Prior to trial the respondent moved for summary judgment on all counts. The judge having jurisdiction over the case at that time granted the motions for summary judgment on two counts of fraudulent, malicious and oppressive conduct by the respondent in failing to deal in

3

good faith, given the lack of equal bargaining power between the parties. The case then proceeded to trial. At the close of the appellant's case-in-chief the respondent moved for a directed verdict on all of the remaining counts. After hearing arguments on the motion the court granted the motion to dismiss all five remaining counts. From this order and judgment granting the motion for directed verdict, appellant appeals.

Appellant presents four issues which the respondent rephrases into a single issue. We feel the respondent's characterization of the four issues as one is proper and adopt it as the issue before this Court.

> Was it error for the District Court to grant Blain's motion for a directed verdict?

We will first consider whether the trial court committed reversible error by holding that respondent Blain owed no duty to appellant Rookhuizen to provide fire protection services.

Appellant alleges two separate claims, one in contract and one in negligence. Having examined the evidence introduced at trial this Court finds, as did the District Court, that the appellant failed to establish a prima facie case on either claim. To establish the contractual claim, appellant had to introduce evidence proving a meeting of the minds between the parties to provide fire services on the part of the mobile home court before a contractual obligation would arise. Chadwick v. Giberson (Mont. 1980), 618 P.2d 1213, 1215, 37 St.Rep. 1723, 1725-1726. At trial, appellant introduced the rental agreements the parties executed when the appellant moved his mobile home onto the court. However, neither the application nor the agreement itself included a contractual obligation on the part of the court to provide fire services to the appellant. The rules and regulations,

4

referred to in the rental agreement and introduced by respondent at trial, also did not contain any reference to fire protection services. Appellant testified that he thought the rules and regulations he received contained something dealing with fire protection. However, the appellant was unable to produce this differing version of the rules and regulations as they had been destroyed in the fire. In light of the inconclusive and unconfirmed nature of the appellant's statements and in light of clear written evidence to the contrary, the District Court was correct in its finding that no contractual obligation to provide fire services existed between the parties.

The second claim of negligence requires appellant to prove the existence of a duty owed by the respondent, a breach of that duty and damages caused by the breach of the duty. R.H. Schwartz Construction Specialties v. Hanrahan (1983), 207 Mont. 105, 107, 672 P.2d 1116, 1117. The District Court found that appellant failed to establish a duty on the part of Blain's to supply fire protection services. As previously stated, the rental agreements and rules and regulations did not contain a duty on the part of the mobile home court to provide appellant with fire protection services. Therefore it was necessary for the appellant to prove that the mobile home court had a duty as established by statute or by common law.

The appellant claimed the mobile home court violated the Montana Residential Landlord and Tenant Act of 1977, §§ 70-24-101 through -442, MCA, (the Act) by failing to "keep all common areas of the premises in a clean and safe condition." Section 70-24-303(c), MCA. However, the appellant provided no justification for finding that the Act requires mobile home court owners to provide fire protection services. While § 70-24-105, MCA, does extend the principles

5

of law and equity relating to safety and fire prevention to the Act, the appellant failed to introduce evidence showing what types of prevention or standards were applicable to the respondent.

Appellant claims the District Court erred when it refused to allow appellant's expert witnesses to testify regarding standards it claimed the volunteer fire department was obliged to obey. The court consistently sustained the defendant's objections regarding testimony on the National Fire Protection Association's (NFPA) standards as irrelevant and lacking foundation. The appellant failed to lay the proper foundation showing the standards created a duty on the part of the respondent to provide fire protection. We note the transcript indicates the trial judge repeatedly attempted to aid appellant's counsel by informing him of this necessary foundational requirement, to no avail. Upon counsel's failure to produce authority showing the standards were applicable, the court was left with no recourse, but to exclude testimony upon the NFPA standards.

Appellant also fails to produce any case law which would extend a duty to the mobile home court's owner to provide fire protection services. Appellant does cite case law which establishes a duty for landlords in general to exercise ordinary care in the management of the premises to avoid exposing persons thereon to unreasonable risk of harm. Corrigan v. Janney (Mont. 1981), 626 P.2d 838, 841, 38 St.Rep. 545, 549. Also when a property owner's affirmative acts increase an existing hazard or create a new hazard, that property owner may be held liable. Cereck v. Albertson's, Inc. (Mont. 1981), 637 P.2d 509, 511, 38 St.Rep. 1986, 1989. Appellant claims the prior case of Parrish v. Witt (1977), 171 Mont. 101, 555 P.2d 741, extends this theory to the mobile home park situation. Unfortunately, appellant hinges

6

this duty upon Blain's alleged affirmative action of cancelling the prior professional fire service and implementing another fire service under Blain's exclusive control.

The evidence which appellant introduced at trial failed to prove such an affirmative action was taken by Blain's. Here evidence showed Blain's acquiesced to the will of the majority of the tenants to terminate the existing professional services in favor of a volunteer service. While Blain's did contribute the storage shed, parts of the fire truck, and paid for some of the truck's repairs, it did so as the owner of 25 of the 217 mobile homes in the park. No evidence showed it exercised exclusive control over the service. As the appellant failed to prove Blain's was responsible for the service, the District Court was justified in holding that the evidence did not indicate any duty owed, and thus respondent could not have been negligent.

The law with regard to directed verdicts in this state is well established. The court shall view the evidence presented by the opponent to the motion, in a light most favorable to the party opposing the motion. In light of that consideration of the evidence, it must follow as a matter of law that the only result possible is the result sought by the moving party. Lawlor v. County of Flathead (1978), 117 Mont. 508, 513, 582 P.2d 751, 754.

> Generally directed verdicts are not favored by the courts. LaVelle v. Kenneally (1974), 165 Mont. 418, 529 P.2d 788. A cause should never be withdrawn from the jury unless the conclusion from the facts advanced by the moving party follows necessarily, as a matter of law, that recovery can, as here, or cannot be had under any view which can reasonably be drawn from the facts which the evidence tends to establish. [Citations omitted.] A corollary rule is that where

> reasonable men might differ as to the
> conclusions of fact to be drawn from the
> evidence viewed in the light most
> favorable to the party against whom the
> motion is made, a jury question is
> presented, and resolution by way of a
> directed verdict is improper. Parini v.
> Lanch (1966), 148 Mont. 188, 418 P.2d
> 861.

Lawlor, 582 P.2d at 754. As this Court has previously stated regarding the related Rule 50(b), M.R.Civ.P., motion for judgment notwithstanding the verdict:

> If a prima facie case is made out, the
> motion should be denied. Motions made
> pursuant to Rule 50(b), M.R.Civ.P.,
> cannot be granted if there is substantial
> conflict in the evidence. Like any form
> of directed verdict it rests on a finding
> that the case of the party against whom
> it is directed is unsupported in some
> necessary particular.

Nicholson v. United Pacific Insurance Co. (Mont. 1985), 710 P.2d 1342, 1345, 42 St.Rep. 1822, 1826, citing Jacques v. Montana National Guard (1982), 199 Mont. 493, 649 P.2d 1319. Having previously found appellant failed to prove a duty existed to establish a prima facie case, we find the District Court was correct in granting respondent's motion for directed verdict.

### Attorney's Fees

Respondent seeks attorney's fees from appellant's counsel for this appeal pursuant to Rule 32, M.R.App.P. That Rule allows this Court to award damages when the Court is satisfied from the record and the presentation of the case on appeal that the appeal was taken without substantial or reasonable grounds. It is not the position of this Court to place hurdles in the appeal process which discourage a party from taking a valid appeal. However, this case presents several reasons for imposing sanctions. Here, counsel for

appellant was repeatedly informed by the trial judge of the need to establish a duty owing to him by the respondent. Upon failing to present evidence of such a duty, the trial judge was left with no alternative but to grant the defendant's motion for a directed verdict.

We further note that appellant's brief does not contain a statement of the case (Rule 23(a)(3), M.R.App.P.), citations to authority for numerous contentions (Rule 23(a)(4), M.R.App.P.), nor citations to pages of the record relied upon (Rule 23(e), M.R.App.P.). In addition we note a failure to accurately quote case law, commissioners' comments and the record, as pointed out in the respondent's brief. For the foregoing reasons, we assess damages in the amount of $200 to the respondent.

Affirmed and remanded for further proceedings in compliance with this opinion.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices